P. L. HUBBARD, *et al.*, v. THE MISSOURI VALLEY LIFE INSURANCE COMPANY.

1. STATUTE OF LIMITATIONS; *Note and Mortgage, Barred.* Where a note and mortgage become due, and more than five years are allowed to elapse thereafter before any payment is made thereon, and nothing else is done to stop or prevent the running of the statute of limitations, such note and mortgage will be barred by the five-year statute of limitations.

2. ———— And in such case, it can make no difference that, at the time the note and mortgage became due, the payor thereof had a claim against the holder of the note and mortgage, which the payor contended should be allowed and used as a payment on the note and mortgage, and which claim he might have used as a set-off if he had been sued on the note and mortgage, when the holder of the note and mortgage did not in fact recognize the claim.

3. LIMITATION *of Revivor of Debt.* Where a note and mortgage have become barred by the statute of limitations, the payee thereof may revive the debt by part payment or otherwise, as against himself, but he cannot revive the note and mortgage as against a third person to whom he has sold and conveyed the mortgaged property.

*Error from Atchison District Court.*

ACTION brought by the *Missouri Valley Life Insurance Company* against *Price* and others, on a note and a mortgage. Trial by the court, January 16, 1880, and judgment for the plaintiff.    The defendants *Hubbard* and wife bring the case here.    The opinion states the facts.

*P. L. Hubbard, Smith & Solomon,* and *W. C. Webb,* for plaintiffs in error.

*T. A. Hurd,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note and mortgage. The defendants, P. L. Hubbard and Ellen R. Hubbard, pleaded the statute of limitations, and whether that statute bars the action, or not, is the principal question in the case. The facts of the case, so far as they affect this question, are substantially as follows:

On or about the 1st day of October, 1869, John M. Price purchased of the Missouri Valley Life Insurance Company ten thousand dollars worth of stock in that company, for which he was to pay $1,500 in cash and to give his note for $8,500. An arrangement, however, was made that the company should loan him the $1,500 which he was to pay in cash, and that he should give his note and mortgage for that amount also. Price therefore gave his note and mortgage for $1,500, which note was dated October 1, 1869, due in one year, with interest at the rate of twelve per cent. per annum, payable semiannually. This is the note and mortgage upon which this action was brought. Price also at the same time gave his note for $8,500. But on April 19, 1870, this last-mentioned note was canceled, and a new note and mortgage were executed in lieu thereof. The new note and mortgage were for $8,500, dated April 19, 1870, due in three years, with interest at the rate of twelve per cent. per annum. There was a misunderstanding with reference to this note and mortgage. The note and mortgage were given, not only for the purpose above stated, but also for the purpose of helping to create available assets for the insurance company; and Price understood that he was not only not to pay interest on this note and mortgage, but that the company should pay him interest thereon for the use of the same at the rate of twelve per cent. per annum. Upon this point the court below found in favor

of Price. McKay, the president of the company, and with whom Price did the business, understood the arrangement differently. He understood that he merely informed Price that the company would declare a dividend to each stockholder who gave such a note and mortgage as Price gave, amounting to twelve per cent. per annum on such note and mortgage, and then that the parties should let the dividend and the interest offset each other. The directors of the company claimed and declared that McKay had no authority to agree that the company should do any such thing, as Price understood that he did, and they never ratified or confirmed McKay's agreement, as Price understood it. Price paid the interest on the $1,500 note and mortgage, as the same became due, up to April 1, 1872, (paying the same in cash,) and the payment of April 1, 1872, was the last payment he ever made in cash on the note and mortgage, and the last payment made in any manner until after the note and mortgage are supposed to have been barred. After the $8,500 note and mortgage became due (sometime in 1873 or 1874), they were returned to Price and canceled, and Price surrendered to the company a corresponding amount of the capital stock of the company, which was also canceled. Price, at that time and afterward, claimed that the company owed him said twelve per cent. interest on said $8,500 note and mortgage, and also claimed that the company owed him for services. The company, however, did not recognize these claims of Price, although it seemed to assent that something might be due him for interest and services. On May 16, 1877, a settlement was finally had between Price and the company, and the terms of such settlement are as follows:

"LEAVENWORTH, KAN., May 16, 1877.

"Memorandum of settlement this day made between John M. Price of Atchison, Kansas, and the Missouri Valley Life Insurance Company of Leavenworth, Kansas. The said John M. Price is to be credited seven hundred and sixty-five dollars on his note of fifteen hundred dollars, dated October 1st, 1869, and secured by mortgage. The above credit is to be made as of the nineteenth day of April, 1873, leaving a

balance due on principal and interest, April 1st, 1877, $1,354.20. The above credit of $765 in full payment of all indebtedness of said company to said John M. Price for services or otherwise. (Signed)    D. M. SWAN, *President.*
JOHN M. PRICE."

It will be seen that no payment was made on the $1,500 note and mortgage (the instruments sued on in this action) from April 1, 1872, until May 16, 1877. This was more than five years. The note and mortgage were therefore absolutely barred by the five-year statute of limitations when this last payment was made, (Civil Code, § 18, sub. 1.) This case will therefore come within the decision of this court made in the case of *Schmucker v. Sibert,* 18 Kas. 105, 110, 111: that is, Price gave a note, and to secure its payment, executed a mortgage on certain real estate; he then conveyed the real estate to Hubbard; the note and mortgage became due, and several payments of interest were made thereon; but after that payment of the interest which was made on April 1, 1872, was made, more than five years elapsed before any other payment was made thereon. The note and mortgage, therefore, by this lapse of time, without anything being done in the meantime to keep them alive, became absolutely barred by the five-year statute of limitations. Price then, by a payment thereon, and by an acknowledgment in writing of an existing liability thereon, revived the note and mortgage as against himself; but he did not and could not revive them as against Hubbard. As against Hubbard, they still remained barred.

The mere fact that Price, at the time and before and after the note and mortgage became barred, had a valid claim against the insurance company for $765, which he contended should have been used as a payment on the note and mortgage, and which claim he could have used as a set-off to the note and mortgage if he had been sued thereon, cannot make any difference with regard to the running of the statute of limitations. The claim was not in fact used as a payment on the note and mortgage until after the note and mortgage were

barred. And it does not seem that there was any mutual understanding between the parties that it should be so used. The court below does not find that there was any such mutual understanding, nor, indeed, that there was any understanding that anything but a real payment of cash should be considered as a payment on the note and mortgage. And there is no positive or affirmative showing anywhere in the record that the insurance company ever recognized the claim of Price until after the note and mortgage were barred, and probably it never did so recognize it until after that time. There was a misunderstanding about it. Although the $8,500 note and mortgage drawing interest at the rate of 12 per cent. per annum were executed on April 19, 1870; and although Price, according to his understanding, should have received interest on such note and mortgage from that time at the rate of 12 per cent. per annum, yet he did not receive such interest, nor have the amount of the same credited on the $1,500 note and mortgage now sued on; *but he continued to pay the interest in cash on said $1,500 note and mortgage up to April 1, 1872.* This shows that there was no mutual understanding that any claim of Price for interest, or any claim for anything else, was to be credited upon the $1,500 note and mortgage, as a payment or part payment thereon, of either principal or interest.

The judgment of the court below, so far as it affects the plaintiffs in error, P. L. Hubbard and Ellen R. Hubbard, will be reversed, and judgment will be rendered in their favor for costs. In other respects, the judgment of the court below will not be disturbed.

BREWER, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the court below.