ISOM VENABLE, *et al.*, v. THE EBENEZER BAPTIST CHURCH
OF THE CITY OF ATCHISON.

1. SUPREME COURT—*Question not Considered in.* This action was begun
on Sunday, but the defendant, without ever raising any question or
making any objection concerning the irregular commencement of the
action, voluntarily appeared in the case, filed an answer setting forth
various defenses, went to trial upon the merits of the case, introduced
evidence, made a motion for a new trial, and then brought the case to
the supreme court on petition in error, and then for the first time, and
in the supreme court, raised such question and made such objection·
*Held,* That the objection comes too late; that the defendant should have
raised the question and made the objection in the district court, and
before answering to the merits.

2. CONSOLIDATED BAPTIST CHURCH; *Trustees; Title to Property.* Where
property is conveyed to the five trustees (giving their names) of an un-
incorporated Baptist church, and to their successors in trust for the use
and benefit of the church; and afterward the church changes its name
and again elects its trustees, reëlecting only two of the original trustees
.and electing three new ones; and afterward the church consolidates
with another Baptist church under a new name; and the consolidated
church then elects an entirely new set of trustees in place of the former
ones; and the consolidated church then takes possession of the property
·conveyed to said original trustees; and all the foregoing is done in strict
·compliance with and in exact conformity to the rules, regulations, usages,
customs and polity of the Baptist denomination; and afterward the con-
solidated church attempts in good faith to incorporate under the laws of
Kansas, and becomes at least a corporation *de facto;* and afterward the
second set of trustees above mentioned, with a very few others, in viola-
tion of the rules and regulations of the Baptist denomination, secede
from the consolidated church, and the second set of trustees then claim
to own and have the right to control the property conveyed to the original
trustees, *held,* that as between the second set of trustees and the consoli-
dated church, the consolidated church is entitled to the property.

3. ——— The rules and regulations of a church are, so far as church
matters are concerned, a part of the law governing the members of such
church, unless such rules and regulations are clearly illegal.

### *Error from Atchison District Court.*

ACTION brought by the *Ebenezer Baptist Church,* of the
·city of Atchison, against *Venable* and five others, to quiet the
.title to the south one hundred feet of lots 8 and 9, in block

12 — 25 KAS.

5, in the city aforesaid. Trial at the February Term, 1879, of the district court, and judgment for the plaintiff. The defendants bring the case here. The facts appear in the opinion.

*H. M. Jackson,* for plaintiffs in error.

*Evevest & Waggener,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was begun on Sunday; but the defendants, without ever raising any question or making any objection concerning the irregular commencement of the action, voluntarily appeared in the case, filed answers setting forth various defenses, went to trial upon the merits of the case, introduced evidence, made a motion for a new trial, and then brought the case to this court on petition in error, and then, for the first time and in this court, raised such question and made such objection. We think they are too late. They should have raised the question and made the objection in the district court, and before answering to the merits.

II. The controversy in this case is concerning the ownership of certain church property. Both parties claim to own it, or at least to have the right to hold and control it, to possess and enjoy it. The plaintiffs in error, who were defendants below, claim to own the property as the trustees of the First Colored Baptist church of Atchison, Kansas. The defendant in error, which was the plaintiff below, the Ebenezer Baptist church of Atchison, Kansas, claims to own the property as the successor of the First Colored Baptist church of Atchison, Kansas, also as the successor of the Colored Baptist church of that place, and also as the successor of the Calvary Baptist church of that place, provided the Calvary Baptist church ever had any interest in the property.

The second point made by the plaintiffs in error is, that the defendant in error, the Ebenezer Baptist church, has never been *duly* incorporated. Now while we think that it has been sufficiently incorporated to become at least a corpo-

ration *de facto*, yet what difference does it make whether it is a corporation or not? (*Hamblett v. Bennett*, 88 Mass. 140; *Hubbard v. The German Catholic Congregation*, 34 Iowa, 31.) Neither the plaintiffs in error, nor the Colored Baptist church, nor the First Colored Baptist church, nor the Calvary Baptist church, has ever been incorporated, and the property in controversy was never conveyed to the plaintiffs in error, but was conveyed as hereafter stated. Besides, this being an equitable action, the court will look to the substance of things, and not to mere forms. The facts of this case are substantially as follows:

The property in controversy was conveyed to five persons, their names being given, as trustees of the Colored Baptist church, and to their successors. Two of these persons (less than a majority) are now plaintiffs in error, and the other three (a majority) are probably and presumably members of the Ebenezer Baptist church, and therefore on the side of the defendant in error. It will also be noticed that the property in controversy was conveyed in trust for the use of the Colored Baptist church, and not in trust for the use of the First Colored Baptist church. Afterward, however, the name of the Colored Baptist church was changed to the First Colored Baptist church, and the First Colored Baptist church was of course the legitimate successor of the Colored Baptist church. Indeed, the two churches were the same church. At one time, (but when, the record does not show,) the church was also known by the name of the Calvary Baptist church. Afterward the First Colored Baptist church elected its trustees and other officers — reëlecting two of the trustees to whom the property had previously been conveyed, and failing to reëlect the other three. Three new men were elected in their places. These five trustees elected at this election by the First Colored Baptist Church are now the plaintiffs in error, and are now claiming the property in controversy solely by virtue of such election and solely as trustees of the First Colored Baptist church. At the time of this election there was another church in Atchison composed of colored people, called

the Second Colored Baptist church. Both of these churches and the members thereof· were believers in and followers of the faith, doctrines, tenets and principles of the Baptist denomination. Afterward, and on March 29, 1877, these two churches were united and consolidated into one church under the name of the "Ebenezer Baptist church." At the time of the consolidation, each of the two churches authorized its trustees to execute deeds of conveyance to the consolidated church for the property which each held respectively. The consolidated church then elected trustees and other officers in the place of and as the successors of the trustees and other officers of the two previously existing churches; and the two previously existing churches then ceased to exist. The consolidated church then took possession of all the property of the previously existing churches, and especially of the property now in controversy. At the time of the consolidation the First Colored Baptist church was composed of about ninety members, about eighty of whom were present, participating in all the proceedings and agreeing to all that was done. All the foregoing was done in strict compliance with and in exact conformity to the rules, regulations, usages, customs and polity of the Baptist denomination, and by such rules, regulations, usages, customs and polity, all the property belonging to the two churches, including the property in controversy, became the property of the consolidated church. Afterward the consolidated church attempted in good faith to incorporate itself under the laws of Kansas; and although there may have been some irregularities in its organization, still we think that the organization was so nearly correct, that by subsequently and in good faith acting under it as the intended corporation afterward did, the organization has become at least a corporation *de facto*. And if it has become a corporation *de facto*, then the plaintiffs in error cannot raise the question of the validity of its organization in this collateral manner. Afterward the plaintiffs in error, with from seven to ten others, in violation of the rules and regulations of the Baptist denomination, withdrew and seceded from the consolidated church, and they,

the plaintiffs in error, took possession of the church building
(the property now in controversy) and claimed to own it and
to have the right to hold and control it as the trustees of the
First Colored Baptist church.   The Ebenezer Baptist church
then commenced this action against them to quiet its title to the
property, and to restrain them (the plaintiffs in error, defend-
ants below) from ever interfering with its use of the property.
The court below found in favor of the plaintiff below (the
Ebenezer Baptist church) and rendered judgment accord-
ingly, and we think correctly.

III. The plaintiffs in error claim, as a third point, that
the court below substituted the rules and regulations of the
Baptist church for the statutes of Kansas relating to trusts
and conveyances.   Now the court below did not do any such
thing.   It is true that the court below held that the acts of
the First and Second Colored Baptist churches and the Eben-
ezer Baptist church had, in accordance with the rules and regu-
lations of the Baptist denomination, determined where the
property should go and who should have the control thereof;
but this action of these churches was not in violation or con-
travention of any statute or law of Kansas.   Besides, the plain-
tiffs in error do not claim to control the property as the trustees
of the Colored Baptist church, to which the property was origi-
nally conveyed, and they could not if they would, for such
church no longer has any existence, and those trustees have
long ago been superseded by others.   But even if those origi-
nal trustees were still in existence as trustees, it would not
help the plaintiffs in error, for only a minority of such trustees
is with the plaintiffs in error.   The plaintiffs in error really
claim to control the property as the trustees of the First Col-
ored Baptist church.   But that church has also ceased to ex-
ist, and its trustees have been superseded by others.   That
church has been merged in the Ebenezer Baptist church, and
all the property that belonged to the former church now
belongs to the latter; and all this follows in exact accordance
with the rules and regulations of the Baptist denomination,
to which all the parties belong.   The rules and regulations of

a church are, so far as church matters are concerned, a part of the law governing the members of such church. A person who voluntarily joins a church, and tacitly at least agrees to be bound by all the rules and regulations of such church, cannot afterward be allowed to wholly ignore and disregard such rules and regulations. As to all matters pertaining to the church, he is clearly bound by the rules and regulations of the church, unless the same are clearly illegal.

It is not necessary for us to decide precisely what title the defendant in error has to the property in controversy; but whatever title it may have, we think its title is better than that of the plaintiffs in error, and hence it follows that the judgment of the court below is correct, and it will be affirmed.

All the Justices concurring.