CHILDS, *Plaintiff in Error*, v. THOMPSON.

1. **Transfer of Interest in Suit**: SUBSTITUTION: STATUTE. Under Revised Statutes 1879, section 3671, a party who has transferred his interest in a pending suit, and presents the petition of his transferee, asking the substitution of the latter in his stead as said party, is entitled to have such substitution made, and if the trial court refuses to order the substitution, the record not disclosing the ground of its action, the cause will be reversed.

2.   **Instruction.** An instruction in this case asked by plaintiff as to his title, and the defense of the Statute of Limitations, approved.

*Appeal from Linn Circuit Court.*—Hon. E. J. Broaddus, Judge.

Reversed.

S. P. *Huston* for plaintiff in error.

The motion to substitute C. H. and L. Bull should have been sustained, and the action of the court in that regard was manifest error.   Defendant did not make out a case of adverse possession.   *Lynde v. Williams,* 68 Mo. 360 ; *Brown v. King,* 5 Met. 173 ; *Musick v. Barney,* 49 Mo. 464 ; *Turner v. Hall,* 60 Mo. 271 ; *Norfleet v. Hutchins,* 68 Mo. 597 ; *Harrison v. Cachelin,* 35 Mo. 79 ; 23 Mo. 117 ; 27 Mo. 26.

A. W. *Mullins* for defendant in error.

The court did not err in overruling the motion made to substitute C. H. and L. Bull as plaintiffs.   Revised Statutes, section 3671, is not mandatory—whether or not the substitution will be ordered, rests within the discretion of the court.   Green and Myer's Mo. Prac., §§ 760, 765 ; 11 How. Prac. 380 ; 5 Duer 607 ; 1 Bosw. 571.   The suit was begun by Shaw May 15th, 1874, and, therefore, as to him, the statute of limitations had run for more than two years, and it being military bounty land, the action was barred, and the defendant had the complete title.   R. S. 1879, § 3219 ; *Cooper v. Ord,* 60 Mo. 420.

Ewing, C.—This was a suit in ejectment commenced in the Linn circuit court by Southworth Shaw, as plaintiff, and against Thompson, the defendant.   Afterward a change of venue was awarded to Livingston circuit court.   The plaintiff, Shaw, conveyed the land to Sallie Childs and died, and the suit was revived in the name of Sallie Childs as plaintiff.

On the trial the plaintiff read in evidence a patent from the United States to one Jacob Harwood, and deeds from him through several grantees to the plaintiff, Sallie Childs.

The defendant read first a tax deed from the State to David Prewett, dated in 1830, and then conveyances through numerous parties to the defendant, Thompson. These deeds were offered as color of title. Defendant then offered evidence tending to show that he and his grantors had been in the adverse possession of the land for more than ten years. Defendant then offered in evidence a certified copy of the record of a deed from Sallie A. Childs, the plaintiff, to Charles H. and Lorenzo Bull, conveying to them the land in controversy.

After rebutting evidence by the plaintiff, Charles H. and Lorenzo Bull filed their petition, alleging that after the commencement of the suit, the original plaintiff Southworth Shaw had conveyed the land in controversy to Sallie Childs, and that on February 26th, 1876, Sallie Childs had conveyed it to the petitioners, who were then the owners, and praying to be substituted as parties plaintiff to said suit, which was overruled by the court, and to which plaintiff objected and excepted.

I. Section 3671, Revised Statutes 1879, provides that when any interest in a pending action is transferred, " the party to whom the transfer is made, shall be required by the court, upon application of the party who made the transfer, either to give such indemnity or to cause himself to be substituted in the action," etc. Here the party who made the transfer, the plaintiff, Sallie Childs, through her attorney, presents to the court the petition of the parties to whom the transfer was made, to-wit, Charles H. and Lorenzo Bull, asking that they be substituted as plaintiffs. This the court refused to do, but rejected the petition and overruled the application. It does not appear why this proposed substitution was rejected, and, as far the record discloses, this was such error as will reverse the judgment.

The statute requires in such cases, that indemnity be made or the transferee be substituted as party plaintiff; neither was done, although application therefor was made. *Cutter v. Waddingham*, 33 Mo. 269 ; *Smith v. Phelps*, 74 Mo. 598.

II. All the instructions asked by both plaintiff and defendant were refused. They presented the question of adverse possession, and were properly refused, except the first asked by plaintiff, which should have been given, after first substituting Bull as party plaintiff. This instruction is as follows:

1. The court declares the law to be, that the original patent from the United States to Jacob Harwood, dated the 24th day of April, 1819, the deed from Jacob Harwood to Benjamin Shirtliff, dated the 13th day of November, 1819, the deed from Benjamin Shirtliff to Southworth Shaw, dated February 12th, 1844, the deed from Southworth Shaw to Sallie Childs, dated the 11th day of November, 1874, and the deed from Sallie Childs to Lorenzo Bull and Chas. H. Bull, dated the 26th day of February, 1876, all of which have been read in evidence, conveyed to and vested in the said Lorenzo and C. H. Bull, the legal paper title to the premises in controversy, and the finding should be for the plaintiff unless the court is satisfied by a preponderance of the testimony, that the defendant, and those under whom he claims have held the actual possession of some part of the tract under color of title to the whole tract adversely, notoriously and continuously for some period of ten consecutive years, after the 2nd day of February, 1847, and before the 15th day of May, 1874, if such possession was commenced prior to the 1st day of August, 1866, and if commenced after the said 1st day of August, 1866, then, that he and those under whom he claims, have had such actual, open, notorious and continuous adverse possession for two whole years next before the 15th day of May, 1874.

It is proper to remark that the answer alleges the fact to be that, the land sued for is military bounty land, and comes within the statute in relation thereto.

For refusing to substitute Bull as plaintiff upon application, and for refusing the first instruction above set out, the judgment of the circuit court is reversed and the cause remanded. All concur.