## MARIE SCHIFFERSTEIN

*v.*

## E. H. ALLISON.

*Filed at Mt. Vernon January 20, 1888.*

1.  LIMITATION—*when the statute begins to run—on foreclosure of mortgage.*  The ten years' limitation, in section 11, chapter 83, for the bringing of an action to foreclose a mortgage, begins to run from the time the right of action accrues; but if any payment shall be made upon the mortgage indebtedness, the statute will begin to run from the time of the last payment.

2.  SAME—*the debt and the mortgage, subject to the same limitation.* Section 11 and section 16 of the Limitation law are to be construed together. The effect of the former section, when so construed, is the same as the law implied before its passage,—that is, that the period of limitation which bars the bebt, bars also the mortgage or deed of trust securing the same.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on writ of error to the Circuit· Court of Jasper county; the Hon. W. C. JONES, Judge, presiding.

This was a bill in chancery for the foreclosure of a mortgage given on October 23, 1874, to secure the payment of a promissory note of that date, payable one year after date, for $300. Several payments had been made upon the note, the last of date December 12, 1882. The bill was brought to the December term, 1886, of the circuit court. The defence set up the Statute of Limitations.

Messrs. GIBSON & JOHNSON, for the appellant:

The statute provides that no foreclosure shall lie after ten years from the time the right of action accrues. As soon as the right to foreclose has accrued, which is the maturity of the note, the statute begins to run. Prior to this statute there was no way of determining, from the public records, whether a mortgage was a lien upon real estate or not, after the maturity of the notes secured by it, for the reason that a payment perpetuated the right of action. This statute obviates this manifest evil.

Mr. JOHN P. HEAP, for the appellee:

Under our laws, the mortgagee's right of foreclosure is not barred until the debt itself is barred by the Statute of Limitations. *Hagan* v. *Parsons,* 67 Ill. 170; *Harris* v. *Mills,* 28 id. 44; *Brown* v. *Devine,* 61 id. 260; *Medley* v. *Elliott,* 62 id. 532.

The mortgage is an incident to the debt, and but a security. But it confers the right to reduce the premises to possession as a means of obtaining satisfaction of the debt, and to render the right effective, ejectment may be maintained against the mortgagor at any time that a recovery may be had on the debt. The mortgagee may resort to any of the various modes of foreclosure so long as his debt is capable of being enforced, but no longer. *Pollock* v. *Maison,* 41 Ill. 517.

The Statute of Limitations, which bars the debt,—the principal,—can alone bar the mortgage,—the incident. *Medley* v. *Elliott,* 62 Ill. 532.

It is an established rule, in the exposition of statutes, that the intention of the law-giver is to be deducted from a view of the whole, and of every part of a statute, taken and compared together. The real intention, when accurately ascertained, will always prevail over the literal sense of terms. (1 Kent's Com. 462.) This principle of construction has been repeatedly affirmed by this court, and, it is believed, is not questioned.

Section 11, chapter 83, of the Revised Statutes of Illinois, upon which plaintiff relies for a reversal in this case, and section 16 of the same chapter, were enacted at the same time, and should be construed together. Section 16 provides, that "action on bonds, promissory notes, etc., shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have have been made in writing * * * within or after said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay."

Taking a case out of the statute, either by a new promise or partial payment, has the effect to fix a new date at which the statute begins to run.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Section 11, of chapter 83, of the Revised Statutes of 1874, provides, that "no person shall commence an action, or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues." The question is, where payments have been made on the indebtedness secured by the mortgage, after its maturity, does the time contemplated by this section only commence to run after the last payment?

The 16th section of the same act is: "Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action

accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract or other written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay."

¦ The general doctrine, often repeated in this court, is, that the debt is the principal thing, and the mortgage but the incident, and hence that payment and satisfaction of the debt extinguishes the mortgage; and also, before the passage of section 4, that when the debt was barred by limitation the mortgage was also barred. And in *McMillan et al.* v. *McCormick*, 117 Ill. 79, we held that this section was within the saving clause of the 24th section of the same chapter, which provides: "But this section shall not be construed so as to affect any rights or liabilities, or any cause of action, that may have accrued before this act shall take effect." It was there contended, that mortgages not being specifically named in any preceding limitation act, the case should be governed by *Hyman* v. *Bayne*, 83 Ill. 256, and *Gridley* v. *Barnes*, 103 id. 216, wherein it was held that the proviso quoted did not apply to cases not specifically named in preceding limitation acts; but we held, that though the words "mortgage" and "deed of trust" were not specifically named, they were in fact included in preceding limitation acts as inseparable incidents to the debts named in those acts. / The effect of section 11, read in connection with section 16, is, in our opinion, but to express what the law before implied, namely, that the period of limitation which bars the debt, bars also the mortgage or deed of trust.

An ordinary mortgage or deed of trust is not an evidence of indebtedness. No cause of action or right to foreclose can accrue under a mortgage or deed of trust alone, except in the extremely rare case that it contains a covenant to pay,—and even then the covenant will be a feature independent of and

separable from the mortgage proper. The mortgage or deed of trust confers, not upon its holder, but upon the holder of the debt, the right to resort to the property described, for its payment, and so it is impossible that an action or right to make a sale shall accrue unless it shall accrue under the debt. What, therefore, the word "accrue" means in the 16th section it must mean in this section,—the two must be construed together; and thus construing them, it is quite apparent that the cause of action or right to make sale is to be regarded as having accrued after the last payment indorsed upon the indebtedness. This same word "accrued" occurs in other sections of the Limitation act, but it has always been held that the cause of action is to be deemed as having accrued after the occurrence of that which is held to revive the cause of action. See *Sennott, Admx.* v. *Horner*, 30 Ill. 429; *Norton* v. *Colby*, 52 id. 202; *Kallenbach* v. *Dickinson*, 100 id. 427.

The judgment is affirmed.

*Judgment affirmed.*