## ROSALIA E. KREITZ

### v.

## ELISA B. HAMILTON, ASSIGNEE, ET AL.

*Mortgages—Trust Deed—Foreclosure—Limitations—Sections 11 and 16, Act of 1872.*

The statute prohibiting the foreclosure of mortgages, unless within ten years after the right of action accrues, does not prevent foreclosure after the expiration of ten years, where the note or other evidence of indebtedness secured has been extended by payment or new promise.  The right of foreclosure extends until such indebtedness is barred.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. H. S. DAVIS and CARTER & GOVERT, for appellant.

Where the statute of limitations barred all right of action on a promissory note if such action was not brought within sixteen years after it accrued, it was held that the right to foreclose a mortgage given to secure such note was also barred;

that as a general rule, courts of equity will follow the law in applying the statute of limitations; and so long as the remedy at law exists on the note, the remedy by foreclosure of the mortgage in equity also will exist. Harrison v. Mills, 28 Ill. 44; Pollock v. Mason, 41 Ill. 516; Emery v. Keighan, 88 Ill. 482; Emery v. Keighan, 94 Ill. 543; Greenman v. Greenman, 107 Ill. 404; McMillan v. McCormick, 117 Ill. 79; Wood on Limitation of Actions, p. 117.

From the cases cited it appears that long before the passage of the statute of 1872 there has been a statute of limitations in force in this State applicable to mortgages, as effectual to bar a remedy by foreclosure as, by suit at law, to recover the debt; the only difference being that the time prescribed was sixteen years instead of ten years, as now provided. These cases hold that the mortgage is a mere incident of, and must follow, the debt. And in Delano v. Bennett, 90 Ill. 536, it was held that a conveyance by the mortgagee, without assignment of the debt, is a nullity.

Messrs. BERRY & EPLER, for appellees.

The bearing of Sec. 11 on mortgages executed after its taking effect is yet undecided in this State. It furnishes an express limitation to the action of foreclosure. The main question at issue here is not so much what effect this section has, but rather whether it shall be given any effect. In considering this, regard should be had to the legislation, judicial decisions and policy of this State.

We contend that the object of this statute was to make the liens of mortgages and trust deeds of definite duration, and that such liens and their duration should be a matter of public record. The act is remedial and should be liberally construed.

Statutes of limitation should be construed favorably. Wood on Limitations, Sec. 4.

The law works no hardship or injustice in this case. It was appellant's own folly not to have foreclosed her lien before the ten years were up. The court in this case are not dealing with a presumption but an express limitation, and they

should give it effect as a statute of repose and for the security of title. Hubbard v. Stearns, 86 Ill. 35.

If the lien is not barred until the debt is barred, as appellant contends, it was not necessary to pass Sec. 11 merely to apply the ten years limitations to mortgages and deeds of trust, for that is accomplished by Sec. 16. To so hold would leave the mischief of the old law unremedied, and the life of the lien uncertain and unascertainable of record, and would render Sec. 11 nugatory and of no effect whatever; passing it, then, was a vain and useless thing.

The intent and purpose of the Legislature should be enforced. Their object was to effect a change in the law, and to bar foreclosure ten years after the cause of action accrued, and this was done by section eleven in words as plain as the English language can make it. It means what it says or it means nothing. There is no room for construction. The court should enforce it and not render it nugatory.

" Where a statute is expressed in clear and precise terms, where the sense is manifest, and leads to nothing absurd, or where its provisions, if literally applied, would work no palpable injustice, nor contravene any imperative public exigency, there can be no reason not to adopt the sense it naturally presents. In such cases there can be no necessity for restricting its operation, and the statute should be enforced as it is plainly written. Newell v. People, 7 N. Y. 9; Potter's Dwarris, 145; Chicago, M. & St. P. R. R. Co. v. Dumser, 109 Ill. 402; Law v. People, 84 Ill. 392.

Because the law is that when the debt is barred the mortgage is also barred, it by no means follows that the mortgage lien may not be barred before the debt is barred. Clearly it was competent for the Legislature to separate the two, and bar the lien first, and there is nothing in reason or public policy why it should not do so.

Action on the mortgage may be barred though debt is not barred. Eubanks v. Leveridge, 4 Sawyer, 274.

*Per Curiam.* The questions presented by the record on this appeal arise upon the demurrer of Elisha B. Hamilton,

assignee of the Union Bank of Quincy, Maurice Kelly and Catharine Eisenstein, guardian, to the amended cross-bill of Rosalia E. Kreitz, and the decree sustaining said demurrer and dismissing said cross-bill.

The amended bill, filed February 28, 1887, by said Elisha B. Hamilton, assignee of the said Union Bank of Quincy, was to foreclose a mortgage known as the Union Bank mortgage, dated May 1, 1884, made by John M. and Mary P. Kreitz to the Union Bank of Quincy, upon the west one hundred (100) feet of lot (6), and the north seventeen (17) feet of the east sixty-eight (68) feet of said lot six (6), in block five (5), in the original town, now city, of Quincy, Adams county, Illinois, to secure the payment of three notes of even date, made by said John M. and Mary P. Kreitz to said Union Bank of Quincy or order, for the sum of $1,000 each, due respectively one, two and three years after date, bearing six per cent. interest from date. It was therein further alleged, among other things, in substance, that Maurice Kelly and Catharine Eisenstein, guardian, defendants to said bill, were the legal holders and owners respectively of said first and third notes, in the order of maturity, for $1,000 each, and that said Hamilton, as such assignee, was the legal holder of said second note for $1,000. The amended bill also charged that the debt secured by the trust deed of November 23, 1872, on the west one hundred (100) feet of said lot six (6), claimed by said Rosalia E. Kreitz, had been fully paid; that said trust deed was fraudulent and void, and should be canceled of record, and that it was barred by the statute of limitations, and asked for relief by foreclosure and sale under said Union Bank mortgage. The amended cross-bill of Rosalia E. Kreitz, filed April 12, 1887, seeks to foreclose a trust deed dated November 23, 1872, on the west one hundred (100) feet of said lot six (6), block five (5), in the original town, now city, of Quincy, Adams county, Illinois, made by said John M. and Mary P. Kreitz and Herman and Elizabeth Moecker to Edward H. Buckley, as trustee, to secure the payment of a note dated November 23, 1872, made by said Herman Moecker and John M. Kreitz, payable to the order of James M. Rice, for the sum of $3,000,

due two years after date, bearing ten per cent. interest, payable semi-annually. She therein further alleges, in substance, that said note came to her hands by assignment; that its principal is wholly unpaid, but that its makers paid the interest thereon up to November 23, 1883, and had the same indorsed on the note; and that they repeatedly, within the past ten years, acknowledged said indebtedness, and promised to pay the same; and that the premises covered by said trust deed have at no time, since November 23, 1872, been held or occupied adversely to said trust deed, but always in full recognition of the same. She makes Elisha B. Hamilton, assignee as aforesaid, Maurice Kelly and Catharine Eisenstein, guardian, among others, defendants to said amended cross-bill, and charges that said defendants "have, or claim to have, some right or interest in said real estate described in said trust deed, or some part thereof, as purchaser, mortgagee, judgment creditor, lessee or otherwise." She further therein claims priority over the Union Bank mortgage and all other liens, and asks for foreclosure and sale of said premises under said trust deed.

To said amended cross-bill the holders of the notes secured by the Union Bank mortgage, appellees here, demurred generally, also assigning as special causes of demurrer that the cause of action relied upon in said cross-bill, and arising upon said trust deed, did not accrue within ten years before the beginning of said original or cross-litigation, and that the claim of said amended cross-bill was stale and barred by *laches* and lapse of time.

The court sustained the demurrer and dismissed said amended cross-bill, from which order said Rosalia E. Kreitz appeals.

For the purpose of this appeal, all facts well pleaded in said amended cross-bill on demurrer thereto are to be taken as true.

The bar of the statute relied upon is Sec. 11 of the statute of limitations, approved April 4, 1872, in force July 1, 1872, which section is as follows:

"No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale, accrues."

The trust deed and note was executed November 23, 1872, and the note matured, allowing for days of grace, November 26, 1874. Appellant's position is that, notwithstanding said section, her trust deed is not barred until the debt it secures is barred, and that payments of interest on the debt extend the lien of the trust deed as well as the running of the statute on the note.

Appellees insist that the action to foreclose the trust deed was barred ten years after that right of action accrued, *i. e.*, the maturity of the note, and that it was not continued or affected by interest payments on the debt, and that therefore the appeal should be dismissed and the decree of the Circuit Court affirmed.

The record squarely presents this question: What effect has Sec. 11 of the limitation act upon a mortgage or deed of trust executed after that act went into force and operation? The propriety of the decision of the court below, in sustaining the demurrer to appellant's cross-bill, is to be determined by the true construction of Sec. 11 of the limitation act of 1872.

In the recent case of Schefferstein v. Allison, 123 Ill. 662, this question is decided, and according to the doctrine there announced, it was error to sustain the demurrer.

The decree of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*