CLARK *et al.* v. GRANT.

No. 401. Opinion Filed May 10, 1910.

(109 Pac. 234.)

**LIMITATION OF ACTIONS—Payment on Barred Note — Revival of Lien.** A mortgage given to secure a note is regarded as an incident thereto. Where such note and mortgage are once barred, payment of interest on the note revives not only the note, but the mortgage, so far as affects the interest of the payors, and continues it a valid and subsisting lien upon the mortgaged premises superior to the rights of subsequent judgment lienors.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell, Judge.*

Action by W. W. Grant against Samuel J. Scott and others. Judgment for plaintiff, and Mamie H. Clark and others bring error. Affirmed.

*T. G. Cutlip* and *Frederick King*, for plaintiffs in error.

*Whit M. Grant* and *Samuel A. Calhoun*, for defendant in error.—Citing: Wilson's Rev. & Ann. Stat. Okla. 1903, sec. 4222; *Hubbard v. Missouri V. Life Ins. Co.*, 25 Kan. 119; *Schmucker v. Sibert*, 18 Kan. 104; *Ewell v. Daggs*, 108 U. S. 143; *Woods v. Goodfellow*, 43 Cal. 185; *Capital Co. v. Merriam*, 60 Kan. 397, 56 Pac. 957; *Waterson v. Kirkwood*, 17 Kan. 9; *Bank v. Bank* (Ill.) 41 N. E. 919.

TURNER, J. On April 22, 1907, W. W. Grant, defendant in error, sued Samuel J. Scott and Eva M. Scott in the district court of Pottawatomie county on a promissory note and to foreclose a mortgage on certain real estate in Tecumseh to secure the same, made, executed, and delivered to him by them on May 22, 1904. He alleged in his petition that Mamie H. Clark and W. W. Coleman, plaintiffs in error, and Marie L. King claimed some interest in the mortgaged property inferior to his mortgage lien

and made them also parties defendant. All defendants defaulted except Clark and Coleman, who answered, pleaded the statutes of limitations, set up their respective liens and sought to have them declared superior to that of plaintiff. At the close of the testimony defendants demurred to the evidence, which was overruled and verdict and judgment rendered for plaintiff. Defendants bring the case here, and assign that the court erred in overruling their demurrer because they say the evidence discloses plaintiff's debt was barred prior to the time their liens accrued. The note sued on is dated Tecumseh, Okla. T., May 22, 1894, and thereby defendants S. J. Scott and Eva M. Scott "jointly and severally promise to pay to W. W. Grant, or order, $500 at Whit M. Grant's office, Ok. City, with interest thereon at the rate of 12 per cent. per annum payable semiannually from date until paid," etc. Indorsed thereon is: "Nov. 22-94, Int. to date Pd. $30. Int. Pd. to May 22-95, $30. Int. Pd. to Nov. 22-95, $30. Int. Pd. May 22-96, $30. Int. Pd. Nov. 22-96, $30· Int. Pd. to May 22-97, $30. Dec. 1, 1903, paid acct. Int. $3.60. Dec. 21, 1905, paid acct. Int. $3.85." Plaintiff concedes that had nothing intervened between the payment of interest evidenced by the credit on May 22, 1897, and the time of suit, the note would have been barred, but insists that the payment of $3.60 interest, as evidenced by the indorsement of December 1, 1903, raised the bar and revived the debt and with it his mortgage lien. He relies on the Statutes of Oklahoma 1903, § 4222, which reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment, or promise must be in writing, signed by the party to be charged thereby."

Construing this statute the Supreme Court of Kansas has repeatedly held such payment, after the bar has fallen, to revive a mortgage note and with it the lien of the mortgage. *Capital Co.*

*v. Merriman,* 60 Kan. 397, 56 Pac. 757; 25 Cyc. 1373. As the mortgage is a mere incident to the note, subsequent revivor thereof by part payment after it is barred revives not only the note but also the mortgage, and that, too, as against judgment lienors, such as plaintiffs in error, whose liens did not attach to the mortgaged property until after said payment and consequent revivor. It is only such as have an interest in the mortgaged property acquired prior to the revivor whose rights thereby remain unaffected. *Childs v. Thompson,* 81 Mo. 337; *Courtner v. Etheredge et al.,* 149 Ala. 78, 43 South. 368; *Schmucker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; *Hubbard et al. v. Mo. Val., etc., Ins. Co.,* 25 Kan. 179; *Capital Co. v. Merriam, supra.*

In *Childs v. Thompson, supra,* the court said:

"When the bar of the statute is complete, any act of the mortgagor which revives the debt, also revives the lien of the mortgage, unless the parties agree otherwise. *N. Y. Life Ins. & Trust Co. v. Covert,* 29 Barb. [N. Y.] 435; *Schmucker v. Sibert,* 18 Kan. 104 [26 Am. Rep. 765]. Such acts are always binding between the mortgagor and mortgagee. 2 Jones on Mortgages, § 1802 (3d Ed.). A well-defined limitation of this rule excepts from its effect the rights of purchasers and mortgagees, acquiring title after the bar is complete, and before the acts of revivor."

In *Schmucker v. Sibert, supra,* the court in the syllabus said:

"Where a note and mortgage are once barred, a subsequent revivor of the note by part payment, promise, or acknowledgment of the payor, will revive the mortgage so far as it affects the interest of the payor in the mortgaged premises. But such revivor of the note will not revive the mortgage as against a grantee of the mortgagor, or any other parties who have acquired interests in the mortgaged premises prior to the revivor of the note. *Hubbard v. Ins. Co.,* 25 Kan. 172, 175."

*Hubbard v. Mo. Val., etc., Ins. Co., supra,* was an action on a promissory note and to foreclose a mortgage. The facts were that on October 1, 1869, John M. Price, executed a note and mortgage to defendant in error for $1,500 due one year from date. He paid the interest thereon as the same became due up to April 1, 1872. On May. 16, 1877, in a settlement with said company

he received another credit thereon. The suit was against his grantees of the mortgaged property. They pleaded the statutes of limitations on the debt. There was judgment against them in the trial court, and on this point, in reversing the case, the Supreme Court said:

"It will be seen that no payment was made on the $1,500 note and mortgage (the instruments sued on in this action) from April 1, 1872, until May 16, 1877. This was more than five years. The note and mortgage were therefore absolutely barred by the five-year statute of limitations when this last payment was made. Civ. Code, § 18, subd. 1. This case will therefore come within the decision of this court made in the case of *Schmucker v. Sibert,* 18 Kan. 105, 110, 111 [26 Am. Rep. 765]; that is, Price had a note, and to secure its payment executed a mortgage on certain real estate. He then conveyed the real estate to Hubbard. The note and mortgage became due, and several payments of interest were made thereon; but after that payment of the interest, which was made on April 1, 1872, was made, more than five years elapsed before any other payment was made thereon. The note and mortgage, therefore, by this lapse of time, without anything being done in the meantime to keep them alive, became absolutely barred by the five-year statute of limitations. Price then, by a payment thereon, and by an acknowledgment in writing of an existing liability thereon, revived the note and mortgage as against himself; but he did not and could not revive them as against Hubbard. As against Hubbard, they still remained barred."

And in the syllabus said:

"Where a note and mortgage have become barred by the statute of limitations, the payee thereof may revive the debt by part payment or otherwise, as against himself, but he cannot revive the note and mortgage as against a third person to whom he has sold and conveyed the mortgaged property."

This is in line with the weight of authority.

In *MacMillan v. Clements,* 33 Ind. App. 120, 70 N. E. 997, the same kind of a suit, the same questions arose as here. There, as here, interest was paid on the note after the bar had fallen. The court said:

"It is the law that a payment upon a note secured by mort-

Vol. 26—26

gage is sufficient to take the note out of the operation of the statute of limitation, will have a like effect upon the mortgage, and, so long as any part of the debt remains unpaid, and not barred, the lien of the mortgage continues unimpared. *Bottles v. Miller,* 112 Ind. 584 [14 N. E. 728]; *Hibernian Banking Ass'n v. Commercial Nat. Bank,* 157 Ill. 524, 41 N. E. 919; *Ewell v. Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. Ed. 682; *Schifferstein v. Allison,* 123 Ill. 662, 15 N. E. 275. By the averment of the complaint the payors of the note and mortgagors paid the interest on the note up to September 6, 1889. This revived the debt, and the statute of limitations would commence to run from that date, and, under the authorities, neither the note nor the mortgage is barred by the statute of limitations."

See, also, 20 Cyc. 1394, and cases cited.

We are therefore of opinion that the credit of $3.60 interest indorsed on the note December 1, 1903, revived not only the note, but the mortgage, and from that time rendered it a valid and and subsisting security superior to the rights of the subsequent judgment lienors, parties defendant herein, and that the trial court did not err in so holding.

We are not unmindful of *Wood v. Goodfellow,* 43 Cal. 185, and other cases relied upon by plaintiff in error, where the contrary is held. As the Kansas courts in construing this statute refuse to follow that case, neither will this court. Of the doctrine there announced, in *Schmucker v. Sibert, supra,* Justice Brewer, speaking for the court, said:

"We are aware of the fact that in some states a distinction is drawn between the note and mortgage, and that a foreclosure of the latter may be barred even when a recovery on the note is not. And this in states such as California, where the note is the principal thing, and the mortgage only a security for the note."

In so holding he doubtless was mindful of the holding of the court in *Waterson v. Kirkwood,* 17 Kan. 9, where the court said:

"If the decision in the case of *Wood v. Goodfellow,* 43 Cal. 185, states the law correctly for Kansas, then the action was barred. A majority of this court think that decision is not good law in Kansas."

It is not necessary to notice other questions raised. The judgment of the trial court is affirmed.

All the Justices concur, except WILLIAMS, J., not participating.