Bottles *et al. v.* Miller.

No. 13,692.

BOTTLES ET AL. *v.* MILLER.

PLEADING.—*Reply.*—*Must be Responsive.*—A reply which does not respond to all the paragraphs of answer to which it is addressed is bad on demurrer.

STATUTE OF LIMITATIONS.—*Promissory Note.*—*Partial Payment by One Joint Maker.*—*Effect as to Others.*—A payment upon a promissory note by one joint and several maker will not defeat the operation of the statute of limitations as to any other maker, nor deprive the latter of his right to avail himself of the statute as a defence.

SAME.—*Mortgage.*—*Non-Residence.*—*Insolvency.*—Where, in an action upon a note and mortgage, one of four joint and several makers answers the twenty years statute of limitations, a reply alleging the death and insolvency of two, and a partial payment by the' third prior to the running of the statute, after which the latter had left the State, and still continued to be a non-resident, is bad.

SAME.—*Debt not Barred, Mortgage not Barred.*—A payment upon a note secured by mortgage, if sufficient to take the note out of the operation of the statute of limitations, will have a like effect upon the mortgage; and, so long as any part of the debt remains unpaid and not barred, the lien of the mortgage continues unimpaired.

From the Harrison Circuit Court.

*W. Cook, C. N. Cook* and *W. Ridley,* for appellants.

*B. P. Douglass* and *J. L. Suddarth,* for appellee.

HOWK, J.—This suit was commenced by appellee, as sole plaintiff, against appellants and a number of other persons, as defendants, on the 12th day of February, 1883. Appellee's complaint counted upon a promissory note for $287.50, dated April 18th, 1859, and payable twelve months after date to the order of appellee, and, also, a mortgage alleged to have been executed on the same date by the defendants to the plaintiff herein, on certain real estate in Harrison county, Indiana, to secure the payment of such note. The cause was put at issue and heard by the court, and a finding was made for appellee substantially in accordance with the prayer of his complaint; and, over the separate motions of the

appellants, Bottles and Keller, for a new trial or hearing herein, the court rendered judgment and decree for appellee upon and in accordance with its finding herein.

In this court, appellants, Bottles and Keller, have separately assigned a number of errors, and these errors we will consider, and decide the questions thereby presented, in the same order in which their counsel have discussed them in their elaborate brief of this cause. We may premise that the defence relied upon by each of the appellants in their separate pleadings herein was the statute of limitations, or, in other words, that the cause of action stated in appellee's complaint did not accrue within twenty years prior to the commencement of this suit.

The first error complained of here by appellant Eliza Bottles is the overruling of her separate demurrer to the first paragraph of appellee's reply to the second, third and fourth paragraphs of her separate answer herein. Appellee's complaint counted, as we have said, upon a joint and several promissory note for $287.50, purporting to have been executed on the 18th day of April, 1859, by appellants John Keller and Eliza Bottles, and by Rebecca Keller and Jacob Bottles, and to have been made payable twelve months after date to the order of William J. Miller, appellee here and plaintiff below, and also upon a mortgage purporting to have been executed and acknowledged by the makers of such note, and recorded in the proper recorder's office on the same date therewith, and to secure the payment thereof. In her second paragraph of answer appellant Eliza Bottles said that the cause of action stated in appellee's complaint did not accrue within twenty years next before the commencement of this action; in the third paragraph of her separate answer she alleged that appellee's cause of action for the foreclosure of the mortgage sued upon did not accrue within such twenty years; and in the fourth paragraph of her separate answer she averred that appellee's cause of action upon the note in

suit did not accrue within the twenty years next before the commencement of this action.

In the first paragraph of his reply to the second, third and fourth paragraphs of the separate answer of Eliza Bottles, appellee, Miller, alleged · that at the time she executed the note sued upon Eliza Bottles was a married woman, and such note as to her was void; that Jacob Bottles afterwards died, and left no estate out of which any part of such note could be made, and Rebecca Keller had since died, leaving no property out of which any part of such note could be made; that, before the expiration of the twenty years, to wit, on the 17th day of April, 1879, John Keller made a payment on the note in suit, and, shortly afterwards, left the State of Indiana, and had been at all times since a non-resident of this State.

In his second paragraph of reply to the second, third and fourth paragraphs of Eliza Bottles' separate answer, appellee, Miller, averred that, at the time Eliza Bottles signed the note in suit, she was a married woman, and was not personally liable on such note; that afterwards Jacob Bottles and Rebecca Keller, makers of such note, both died, leaving no property out of which any part of the note could be made; and that, before twenty years had expired from the time appellee's cause of action had accrued, John Keller left the State of Indiana and became a non-resident of this State, and had since continued to be a non-resident thereof.

Appellant Eliza Bottles demurred to each of these replies, upon the ground that it did not state facts sufficient to constitute a good reply to the second, third and fourth paragraphs of her separate answer herein. These demurrers were each overruled by the court below, and these rulings constitute the first and second errors whereof complaint is here made by and on behalf of appellant Eliza Bottles.

We are of opinion that the court below clearly erred in each of the rulings complained of, and that the facts stated by appellee in either paragraph of his reply did not, and

could not, in the nature of things, defeat or stay the operation of the statute of limitations pleaded and relied upon by Eliza Bottles, in each of the second, third and fourth paragraphs of her separate answer, as an absolute bar of appellee's supposed cause of action against her, founded on the note and mortgage described in his complaint herein. Under the code, each of such replies was clearly bad on the demurrer thereto, because, as we have often held, it did not respond to all the paragraphs of answer to which the reply on its face was addressed. Thus, the replies were addressed to the second, third and fourth paragraphs of the separate answer of Eliza Bottles.

In such second paragraph of her answer she pleaded the statute of limitations in bar of appellee's action upon both the note and mortgage sued upon, and in the fourth paragraph of such answer she pleaded the statute in bar only of his action upon the mortgage in suit. But in appellee's replies, although each of them on its face purports to reply to the second, third and fourth paragraphs of such answer, there was no attempt even, in either of such replies, to respond or reply to so much of such paragraphs of answer as pleaded the statute of limitations in bar of appellee's action on the mortgage in suit. Clearly, therefore, under the rule of pleading hereinbefore stated, each of such replies was insufficient, and it was error in the court below to overrule the demurrers thereto. *Smith* v. *Little*, 67 Ind. 549 ; *Douch* v. *Bliss*, 80 Ind. 316 ; *McCaslin* v. *State, ex rel.*, 99 Ind. 428, on p. 441 ; *McLead* v. *Ætna Life Ins. Co.*, 107 Ind. 394.

Aside from this rule of pleading, however, we are of opinion that the facts stated by appellee in each of his replies were wholly insufficient to take appellee's cause of action, as against appellant Eliza Bottles, without the operation of the statute of limitations pleaded by her in bar of his action. It is a little difficult to comprehend the theory of appellee's replies ; but, surely, it is not the law that the small payment made on the note in suit by one of the four joint and several

makers thereof will stay the running of the statute, and defeat its operation as a defence in bar of the cause of action as to the others of such joint and several makers of such note.   Such payment was at most only *prima facie* evidence of a new or continuing contract or promise by the payor of the money to pay the note in suit.   *Willey* v. *State, ex rel.*, 105 Ind. 453.

It can not be correctly said, we think, that this new or continuing contract or promise to pay the note sued upon, evidenced *prima facie* by the payment on such note, is binding on any one except the maker of such payment.   In section 302, R. S. 1881 (substantially a re-enactment of section 221 of the civil code of 1852), it is provided that " The acknowledgment or promise of one joint contractor * * * shall not render any other joint contractor * * * liable under the provisions of this act."   Section 303, R. S. 1881 (a re-enactment of section 223 of the civil code of 1852), reads as follows: " Nothing contained in the preceding sections shall take away or lessen the effect of any payment made by any person; but no endorsement or memorandum of any payment made upon any instrument of writing, by or on behalf of the party to whom the payment shall purport to be made, shall be deemed sufficient to exempt the case from the provisions of this act."   Construing this section of the statute in connection with the " preceding sections" therein mentioned, as we think we may, it must be held that payment by one joint and several promisor will not defeat the operation of the statute of limitations as to any other joint and several promisor, nor deprive the latter of his right to avail himself of the statute as a defence in bar of an action on the promise.

We are of opinion, also, that the other facts averred by appellee in his replies, to the effect that two of the makers of the note and mortgage in suit had died, leaving no property, and that John Keller, another maker of such note and mortgage, before the expiration of twenty years after appel-

lee's cause of action accrued, had become and had since continued to be a non-resident of this State, were wholly insufficient in themselves, or in connection with the payment made by John Keller as pleaded in the first reply, to avoid the second, third and fourth paragraphs of the separate answer of Eliza Bottles. It seems to us, therefore, that these replies were clearly insufficient, and that the demurrers thereto ought to have been sustained. This conclusion renders it unnecessary for us to consider now the remaining error assigned by appellant Eliza Bottles upon the overruling of her separate motion for a new trial.

We pass now to the consideration of the errors separately assigned by appellant John Keller, namely: 1. Error of the court below in overruling his demurrer to the second paragraph of appellee's answer to his cross-complaint herein ; and 2. Error of the court in overruling his separate motion for a new trial.

In his cross-complaint appellant John Keller alleged that he was the owner of certain parts, particularly described, of the real estate covered by the mortgage in suit herein ; and he admitted that he executed such mortgage, but he averred that, since its execution, he and his co-defendant, Eliza Bottles, made an amicable partition of the mortgaged real estate, whereby the parts thereof, thereinbefore described, were assigned and set off to him in severalty as his full one-half of such mortgaged real estate, and, in pursuance of such partition, he took and had since continued in the possession of the real estate so set off to him ; that the remainder of such mortgaged real estate was assigned and set off to his co-defendant, Eliza Bottles, who in pursuance of such partition took possession thereof; that he executed the mortgage sued upon, but he averred that the cause of action, described in appellee's complaint herein, did not accrue within twenty years next before the commencement of this action ; that appellee's cause of action to foreclose such mortgage accrued on the 19th day of April, 1860, and such cause of action was

barred on the 20th day of April, 1880; that appellant John Keller never made any payment upon the note or debt which such mortgage was given to secure, nor any payment of interest thereon, nor had he ever made any new acknowledgment of such debt in any manner; that this suit to foreclose such mortgage was not commenced until the 12th day of February, 1883; and that, by reason of the premises, such mortgage had become and was, at the commencement of this suit, barred by the statute of limitations, and was an invalid and void lien on John Keller's real estate thereinbefore described, and was a cloud upon his title thereto. Wherefore, etc.

In the second paragraph of his answer to John Keller's cross-complaint, appellee averred that, on the 17th day of April, 1879, and before the expiration of twenty years from the time his cause of action in suit herein became due and payable, defendant and cross-complainant, John Keller, paid to appellee and plaintiff, William J. Miller, the sum of five dollars upon the note and mortgage in suit, which payment was entered of that date as a credit upon such note.

John Keller's demurrer to this second paragraph of appellee's answer, upon the ground that it did not state facts sufficient to constitute a defence to his cross-complaint herein, was overruled by the court, and this ruling is the first error of which he complains here in argument.

The gist or substance of John Keller's cross-complaint is, that appellee's note and mortgage in suit, before he commenced this suit, were absolutely barred by the provisions of the *fifth* clause of section 210 of the civil code of 1852, which remained in force until the 19th day of September, 1881, when more than twenty years had expired after the cause of action sued on had accrued, and that such mortgage, therefore, was a cloud upon his title to his one-half of the mortgaged real estate. It is claimed by John Keller's learned counsel that the payment of part of a note or debt secured by a mortgage on real property, which would take the note

or debt out of the operation of the statute of limitations, will not have the like effect upon the mortgage given to secure the payment of such note or debt.   If this claim of counsel were correct, it might possibly be maintained that appellee's answer to John Keller's cross-complaint was insufficient, and that the demurrer thereto ought to have been sustained. We are of opinion, however, that the claim of Keller's counsel on the question we are now considering is wholly unsound, and, under our law, can not be sustained.   In this State the debt secured is the principal thing, while the mortgage security is but an incident of the debt.   Payment of the debt will satisfy the mortgage, and the extinguishment of the debt will destroy the vitality of the mortgage.   It is well settled by our decisions, however, that neither an extension of the time of payment, nor a change in the form of a debt secured by mortgage, will defeat or even impair the lien of the mortgage. *McCormick* v. *Digby,* 8 Blackf. 99 ; *Dumell* v. *Terstegge,* 23 Ind. 397 (85 Am. Dec. 466) ; *People's Savings Bank* v. *Finney,* 63 Ind. 460 ; *Bodkin* v. *Merit,* 86 Ind. 560 ; *Shuey* v. *Latta,* 90 Ind. 136.

Part payment of a note or debt, secured by mortgage, may, and often does, extend the time of payment of such note or debt beyond the date when the same would have been, if no such payment had been made, completely barred by the statute of limitations.   It will not do to say, we think, that such an extension of the time of payment of the note or debt will of itself defeat or impair the lien of the mortgage security. Even the merger of the note or debt in a judgment, it has often been held, will not defeat or impair the lien of the mortgage security.   *Lapping* v. *Duffy,* 47 Ind. 51 ; *Teal* v. *Hinchman,* 69 Ind. 379 ; *Pence* v. *Armstrong,* 95 Ind. 191 ; *Curtis* v. *Gooding,* 99 Ind. 45.

We are of opinion, therefore, that a mortgage on real estate, unless it has been released or satisfied by the mortgagee or his assigns, will remain a continuing security and may be enforced, without regard to lapse of time, so long as any part

of the debt secured thereby remains unpaid and is not barred by the statute of limitations. The demurrer to the second paragraph of appellee's answer to Keller's cross-complaint was correctly overruled.

We do not now consider the other error assigned by Keller. As the judgment must be reversed for the errors against Mrs. Bottles heretofore pointed out, we think that the interests of all the parties require the reversal of the entire judgment.

The judgment is reversed, with costs, etc.

