Leonard *et al.* *v.* Binford, Administrator.

Filed Feb. 18, 1890.

---

No. 14,021.

LEONARD ET AL. *v.* BINFORD, ADMINISTRATOR.

MORTGAGE.—*Executed by Husband for Purchase-Money.—Foreclosure.—Action Against Wife.—Limitation of Action.*—Neither the six nor fifteen years' statute of limitation bars an action to foreclose a mortgage against the wife, which is executed by the husband alone for the purchase-money of real estate. The mortgage lien is not barred until twenty years have elapsed from the time the cause of action has accrued.

SAME.—*Statute of Limitations.*—So long as the mortgage is in full force and not barred by the statute of limitations as to the husband, it is in full force against the wife.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener*, for appellants.

*I. H. Binford*, *B. F. Love*, *A. Major* and *H. C. Morrison*, for appellee.

OLDS, J.—This is an action brought by the appellee

against the appellants for the foreclosure of a mortgage, and for a personal judgment against John Leonard on the note secured by the mortgage. The mortgage sought to be foreclosed purports to be signed by both of the appellants, but the complaint does not allege the execution of the mortgage by the said appellant Louisa Leonard, but alleges execution of the note and mortgage by the appellant John Leonard, and that said note and mortgage were executed to secure the unpaid purchase-money for the land described in the mortgage; and that the appellant Louisa, at the time of the execution of the same, was, and ever since has been, the wife of the appellant John.

The appellant Louisa Leonard answers in two paragraphs, one denying the execution of the mortgage, and alleging that the plaintiff did not bring the action within six years after the cause of action accrued, and that the cause of action accrued more than six years before the death of the plaintiff's decedent. The other paragraph is the same, except it pleads the fifteen years' statute of limitation. The court sustained a demurrer to these paragraphs, and exceptions were reserved.

The question is presented as to whether or not either the six or fifteen years' statute of limitation bars an action to foreclose a mortgage against the wife which is executed by the husband alone for the purchase-money of real estate.

Section 2495, R. S. 1881, provides that "Where a husband shall purchase lands during marriage, and shall, at the time of purchase, mortgage said lands to secure the whole or part of the consideration therefor, his widow, though she may not have united in said mortgage, shall not be entitled to her third of such lands as against the mortgagee or persons claiming under him; but she shall be entitled to the same as against all other persons."

The wife, without having signed a mortgage executed by her husband, for the purchase-money, occupies the same relation to the mortgage in so far as the mortgagee, or those

claiming under him are concerned, as she does in case of a mortgage securing a debt other than the purchase-money which she has signed. She has the right of redemption, and is, therefore, a proper party to a suit for foreclosure of the mortgage. The mortgage lien is not barred until twenty years has elapsed from the time the cause of action has accrued. The same statute of limitation applies in favor of the wife that is applicable in case she had signed the mortgage, or which would govern in a case of a suit for foreclosure against a junior mortgagee. The junior mortgagee is not a party to the senior mortgage; he never signs or executes it; yet he has a right of redemption, and he is a proper party to a suit for foreclosure of the senior mortgage, and the mortgage would not be barred as to him until twenty years after the cause of action accrued. The junior mortgagee derives his lien on, or interest in, the land through the mortgagor in the senior mortgage, and he stands in no better position than such mortgagor as long as the mortgage is in force and effect, and not barred as against such mortgagor; it is likewise in full force and effect against his mortgagee in the junior mortgage. So with the wife in case of a mortgage for the purchase-money; she claims an interest in the land through her husband, and she is in no better position to defend against the mortgage than her husband. So long as the mortgage is in full force and not barred by the statute of limitation as to the husband, it is also in full force against the wife. *Catterlin* v. *Armstrong*, 101 Ind. 258; *Ætna Life Ins. Co.* v. *Finch*, 84 Ind. 301; *Catterlin* v. *Armstrong*, 79 Ind. 514; *Walters* v. *Walters*, 73 Ind. 425; *May* v. *Fletcher*, 40 Ind. 575; *Baker* v. *McCune*, 82 Ind. 339; *Baker* v. *McCune*, 82 Ind. 585; *Bowman* v. *Mitchell*, 97 Ind. 155.

The court properly sustained the demurrer to these paragraphs of answer.

There is no error in the record.

Judgment affirmed, with costs.

Filed Feb. 18, 1890.