Filed Nov. 2, 1892.

---

No. 780.

BRADLEY, ADMINISTRATOR, *v.* SPAIN, ADMINISTRATOR.

STATUTE OF LIMITATIONS.— *Promissory Notes, etc.*— *The Ten-Year Statue.*—*Statute Construed.*—Clause 5, of section 293, R. S. 1881, limiting the commencement of actions on promissory notes, etc., operates prospectively only, and all such contracts as were existing previous to the time of taking effect of this act were made enforceable under this act within such time only as they had to run under the previous (the twenty-year) law.

From the Benton Circuit Court.

*M. H. Walker* and *G. H. Gray*, for appellant.

*T. L. Merrick* and *I. H. Phares*, for appellee.

DAVIS, J.—On April 8, 1877, Joseph Miles executed to Hezekiah W. Spain his note, for one hundred dollars, payable two years after date. Miles died October 2, 1891. The administrator of the Spain estate filed the note as a claim against the Miles estate, on the 25th day of November, 1892.

Bradley, Administrator, *v.* Spain, Administrator.

The appellant contends that the action was barred by the statute of limitations. It is conceded that, under the law as it stood prior to the enactment of the statute of 1881, the note had twenty years to run.

The question turns upon the construction of the fifth clause of the last mentioned act, which reads as follows:

"The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward:

\* \* \* \* \* \* \* \* \*

"*Fifth*. Upon promissory notes, bills of exchange and other written contracts for the payment of money, hereafter executed, within ten years: *Provided*, That all such contracts as have been heretofore executed may be enforced, under this act, within such time only as they have to run before being barred under the existing law limiting the commencement of actions, and not afterward." Section 293, R. S. 1881.

The note in suit was executed prior to the taking effect of the act of 1881. The existing law gave twenty years in which to enforce payment. The plain reading of the above proviso shows that the Legislature did not intend to curtail this right as to contracts previously executed. In fact it is expressly stated in the first part of the proviso that the ten years' limitation shall only apply to contracts "hereafter executed."

Our conclusion is that the action was not barred.

Judgment affirmed.

Filed Oct. 10, 1893.