## MacMillan et al. *v.* Clements et al.

[No. 4,725.    Filed May 10, 1904.]

PARTIES.—*Demurrer.*—A demurrer for defect of parties defendant was properly overruled, where the persons named as being necessary parties defendant were plaintiffs. *pp. 122.*

BILLS AND NOTES.—*Statute of Limitations.*—*Payment of Interest.*—The payment of interest on a promissory note arrests the running of the statute of limitations. *pp. 122, 123.*

SAME.—*Mortgages.*—*Statute of Limitations.*—*Payment of Interest.*—A payment on a promissory note secured by mortgage sufficient to take the note out of the operation of the statute of limitations has a like effect on the mortgage, and so long as any part of the debt remains unpaid, and not barred, the lien of the mortgage remains unimpaired. *p. 123.*

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Action by Heloise MacMillan and others against James S. Clements and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*O. H. Montgomery* and *W. T. Branaman,* for appellants.
*B. E. Long, B. E. Long, Jr., B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellees.

WILEY, P. J.—The appellants, who were plaintiffs below, sued the appellees upon a note, and to foreclose a mort-

gage on real estate.   It is averred in the complaint that on the 6th day of April, 1873, one Samuel Gillespie, who has since died, and the appellee Sarah T. Gillespie, by their promissory note promised to pay Mary J. Gillispie, three years after date, $1,000, with interest at the rate of six per cent, per annum; that said note is due and remains unpaid; that at the time of the execution of the said note said Samuel Gillespie and Sarah T. Gillespie executed a mortgage on certain real estate to secure the payment thereof, which said mortgage was duly recorded; that on the 14th day of November, 1874, the said Mary J. Gillespie died testate, the owner of said note and mortgage; that by the terms of her will, the "Pennsylvania Company for Insurance on Lives and Granting Annuities" was made executor of her last will and testament and trustee thereunder of said Mary J. Gillespie, with full power to have, hold, manage, and control her entire estate in trust until the death of said Samuel Gillespie; that said company duly qualified and assumed the duties as said executor and trustee, and as such, held, controlled, and managed said note and mortgage in trust until the death of said Samuel Gillespie; that by the terms and provisions of the last will and testament the children of the said Samuel Gillespie living, and the children living of such of his children as might be dead at his death, became the absolute owners of said note and mortgage; that said Samuel Gillespie died on the 6th day of December, 1899; that said executor and trustee collected of and from the makers of said note the interest thereon annually until the 6th day of September, 1899; that said Samuel Gillespie, at his death, left surviving him only three children, who are the plaintiffs in this action; that the makers of said note, from the date thereof, annually made a payment of $60 thereon each and every year until the 6th day of September, 1899, on which date the last of said payments was made by them; that on the 8th day of April, 1900, pursuant to the terms and provi-

sions of said last will and testament, and in compliance with the decree of court in settlement of said trust, said executor and trustee assigned, by written assignment, said note and mortgage to the plaintiffs in this action, and indorsed said note to them by writing on the back thereof, and delivered said note and mortgage to them on that date. The complaint further avers that since the execution and recordation of said mortgage the appellee James S. Clements has purchased and now claims some interest in said mortgaged premises by virtue of sheriff and tax sales, all of which are subsequent, junior, and inferior to said mortgage of appellants; that the appellee Carrie Clements is the wife of the appellee James S. Clements, and that they are made parties to this action so that they may be required to assert any interest to such mortgaged premises that they or either of them have, or claim to have; that at the time said mortgage was executed the mortgagors owned only the west one-third of the real estate embraced in the mortgage, and by mistake in the written description in said mortgage it was made to describe the west two-thirds of said real estate, and that said mortgagors intended only to mortgage the west one-third thereof. The defendants each separately demurred to the complaint upon two grounds: (1) That there was a defect of parties defendant, in that Heloise MacMillan, Pink G. Homes, and Mary G. Trohs are necessary parties defendant; and (2) that the amended complaint did not state facts sufficient to constitute a cause of action. These demurrers were sustained, and the appellants, refusing to plead further, judgment was entered against them for costs.

The demurrer on account of a defect of parties defendant is not well taken, for the persons named as being necessary parties defendant were the plaintiffs below and appellants here. The question presented by the facts pleaded is this: Does the payment of interest on a promissory note postpone the running of the statute of limitations? That

question is answered by the authorities in this State, for it has been held that payment of principal and payment of interest stand upon the same footing as affecting the limitation of actions. Payment is regarded as an acknowledgment of an existing obligation, and from such acknowledgment a promise to pay may be implied. Whether payment be a part of the principal or the interest, it is an acknowledgment of an existing indebtedness, from which the promise to pay will be implied. *Brudi* v. *Trentman,* 16 Ind. App. 512; *Koontz* v. *Hammond,* 21 Ind. App. 76; *Meitzler* v. *Todd,* 12 Ind. App. 381, 54 Am. St. 531; *Conwell* v. *Buchanan,* 7 Blackf. 537. As was said in the case first cited: "Each payment starts the statute afresh from its date." The obligation being thus kept alive, the next inquiry is, is a mortgage securing its payment revived and kept alive as a security?

It is the law that a payment upon a note secured by mortgage, if sufficient to take the note out of the operation of the statute of limitations, will have a like effect upon the mortgage, and, so long as any part of the debt remains unpaid, and not barred, the lien of the mortgage continues unimpaired. *Bottles* v. *Miller,* 112 Ind. 584; *Hibernian Banking Assn.* v. *Commercial Nat. Bank,* 157 Ill. 524, 41 N. E. 919; *Ewell* v. *Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. Ed. 682; *Schifferstein* v. *Allison,* 123 Ill. 662, 15 N. E. 275. By the averment of the complaint the payors of the note and mortgagors paid the interest on the note up to September 6, 1889. This revived the debt, and the statute of limitations would commence to run from that date, and, under the authorities, neither the note nor the mortgage is barred by the statute of limitations. The amended complaint was sufficient to withstand a demurrer.

The judgment is reversed, and the court below is directed to overrule the demurrer to the amended complaint.