### WILLETTE, ADMINISTRATOR, v. GIFFORD ET AL.

[No. 7,443. Filed June 21, 1910.]

1. JUDGMENT.—*Merger.*—A judgment on a claim ordinarily extinguishes the claim. p. 189.

2. MORTGAGES.—*Indebtedness.—Judgment.—Renewal. — Statute of Limitations.*—A mortgage given to secure an indebtedness which was subsequently reduced to judgment, such judgment being kept alive by renewals, is not barred by the statute of limitations. pp. 189, 190.

3. MORTGAGES.—*Indebtedness.—Evidences of.*—A mortgage secures the debt and not merely the evidence thereof. p. 189.

4. MORTGAGES.—*Obligation of.—Transfer of Land.*—A mortgage is enforceable against the land covered thereby so long as the debt secured is enforceable against the mortgagor. p. 190.

5. ADVERSE POSSESSION.—*Elements of.*—Adverse possession imports that the occupant holds in opposition to all others, under a continuous claim of right from the beginning thereof. p. 192.

6. ADVERSE POSSESSION.— *Mortgagor.— Mortgagee.*— A mortgagor does not hold by adverse possession against his mortgagee so long as the relation exists. p. 192.

7. ADVERSE POSSESSION.—*Mortgagor.—Mortgagee.* — *Tax Sales.*— Neither a mortgagor, nor any one claiming under him, can set up a tax title against the mortgagee, such title as against the mortgagee being void. p. 192.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Suit by Harry C. Willette, as administrator of the estate of Louisa B. Willette, deceased, against Benjamin J. Gifford and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*George B. Goodhart, William H. Parkison, Arthur H. Hopkins* and *Howard Ferris,* for appellant.

*George A. Williams,* for appellees.

WATSON, P. J.—This suit was brought by appellant to foreclose a mortgage on certain land in Jasper county, Indiana, belonging to appellees. The mortgage was executed on February 1, 1881, by George W. Keene and wife to Louisa B. Willette, appellant's decedent.

The cause was tried upon an amended complaint. Appellee Gifford filed an answer, and demurrers were sustained to all the paragraphs except the first, twenty-sixth and twenty-seventh. Appellee Gifford filed a cross-complaint in two paragraphs, to which demurrers were overruled. The cause being put at issue, there was a trial and a finding in favor of said appellee upon his cross-complaint, and against appellant upon his complaint.

The errors relied upon are: (1) that the court erred in overruling appellant's demurrer to paragraphs twenty-six and twenty-seven of appellee Gifford's answer; (2) that the court erred in overruling appellant's demurrer to paragraphs one and two of appellee Gifford's cross-complaint. ruary 8, 1902, for taxes for the years 1900 and 1901; that

The twenty-sixth paragraph of answer averred that the real estate described in the mortgage had been sold on Feb-

said real estate was purchased by Thomas Thompson, to whom a tax certificate was issued as of said date; that Thompson took possession of said real estate, and afterwards assigned said certificate to said appellee; that said appellee procured a deed from said Thompson on June 14, 1902, and immediately took possession of said real estate, and. ever since has been in possession thereof; that neither the plaintiff nor his decedent was ever in possession of said real estate. Said defendant alleges that he paid taxes and that he paid for certain improvements, without which the real estate had no rental value.

The twenty-seventh paragraph averred that the contract referred to in the complaint and the alleged mortgage constitute one and the same contract, and should be construed together; that it was agreed that said mortgage should be held as a collateral security, to secure any sum of money which should be found due to Louisa B. Willette on the settlement of the copartnership matter theretofore existing between herself and George W. Keene; that no inventory of the assets of said copartnership was made, that there never was any settlement of such copartnership affairs, and there was nothing found due to Louisa B. Willette on account thereof.

The first paragraph of the cross-complaint averred that appellee Gifford is the owner in fee simple and in possession of the real estate described in the mortgage; that he has been in absolute, continuous, notorious and adverse possession of said real estate for more than twenty years last past.

The second paragraph alleged that said Gifford has been in absolute, continuous, notorious and adverse possession of said real estate for more than twenty years last past; that appellant claims an interest in said real estate, by reason of a certain indemnity mortgage thereon, which was executed by George W. Keene and Genevieve Keene to Louisa B. Willette, which mortgage bears the date of February 1, 1881; that said George W. Keene, at the time of the execution of said mortgage, was in no way indebted to Louisa B.

Willette, but was engaged with her in commercial business as a partner, and she, fearful of loss, threatened to withdraw her capital from the partnership; whereupon it was agreed that she should be indemnified against such loss, and said mortgage was executed for that purpose, upon the condition that said George W. Keene should pay, or cause to be paid, to Louisa B. Willette any sum of money that might be due to her on the settlement of the partnership of George W. Keene and Louisa B. Willette.

It further alleged that the partnership came to an end on June 1, 1881, within four months after the date of said mortgage; that no loss was sustained by said Louisa B. Willette on account of said copartnership, and no money was paid by her for said George W. Keene; or, if otherwise, the payment occurred more than twenty years and eighteen months prior to this action, and is therefore outlawed.

The mortgage in controversy contained the following condition of defeasance, to wit:

"Provided, nevertheless, that, if said George W. Keene shall pay or cause to be paid to Louisa B. Willette all moneys that may be due on settlement of copartnership matters between said George W. Keene and said Louisa B. Willette, and any amount she may be required to pay for him, then these presents shall be void."

On February 5, 1881, an action was brought by the mortgagee against George W. Keene, the mortgagor, in the Superior Court of Hamilton County, Ohio, to settle the partnership affairs theretofore existing between them, to which action George W. Keene waived the issuing of summons and admitted the allegations contained in the complaint, and afterwards, to wit, on January 25, 1887, the court found the amount due to the mortgagee from said George W. Keene in the settlement of said partnership affairs to be $14,394.53, on which finding judgment was rendered.

The mortgage was given to indemnify appellant's decedent for any indebtedness she might be required to pay on

behalf of Keene, under the contract executed contemporaneously with the mortgage. The indebtedness under this contract was ascertained and adjudicated by the Superior Court of Hamilton County, Ohio, and reduced to judgment. This judgment was kept alive and in force by the renewals thereof, the last of which was on December 2, 1890, in the Superior Court of Marion County, Indiana.

In the Superior Court of Hamilton County, Ohio, all the indebtedness then existing between the mortgagor and mortgagee under this contract, by reason of the partnership, was merged, and as it was unappealed from the amount was fully and finally settled. The subsequent renewals of that judgment kept the mortgage indebtedness alive, and the statute of limitations did not bar it.

The main and controlling question in this case is whether the statute of limitations will defeat the mortgage lien, it being more than twenty years after the execution thereof until the institution of this suit.

A mortgage secures the debt and not the evidence thereof. It is, therefore, the settled law that the mortgage secures the debt regardless of the changes in the form of the evidence of such indebtedness. *Alden* v. *White* (1904), 32 Ind. App. 671, 102 Am. St. 261; *Simmons Hardware Co.* v. *Thomas* (1897), 147 Ind. 313; *Bray* v. *First Ave. Coal Mining Co.* (1897), 148 Ind. 599; *Wayman* v. *Cochrane* (1864), 35 Ill. 151; *First Nat. Bank* v. *Citizens State Bank* (1902), 11 Wyo. 32, 70 Pac. 726, 100 Am. St. 925; 20 Am. and Eng. Ency. Law (2d ed.) 959; 1 Jones, Mortgages (5th ed.) §924.

In the case of *Simmons Hardware Co.* v. *Thomas, supra,* the court said: "A mortgage, strictly speaking, does not secure the note or other evidence of debt, but the debt itself; and no matter what changes may be made in the form of the evidence of indebtedness, the mortgage still remains good as security for the debt."

In the case of *Wayman* v. *Cochrane, supra,* which was a suit on a bond secured by mortgage, the court said: "The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. * * * All rights and liabilities originally imposed by, or growing out of, the instrument or agreement terminate with the judgment of the court. This being so, when the judgment was rendered on the bond in this case, it ceased to be evidence of the debt, and the judgment then became the evidence and only evidence that could be used in a court of the existence of the original debt. * * * The mortgage being an incident of the bond, when it became merged in the judgment, the mortgage was then a security for its payment and no more."

The indebtedness was kept alive by the renewals of the judgment, and was not, therefore, barred by the statute of limitations. This was a valid, unpaid and unsatisfied judgment at the time this suit was brought. The mortgage was given to secure this indebtedness, and was not barred by the statute of limitations, but is enforceable. *MacMillan* v. *Clements* (1904), 33 Ind. App. 120, 123; *Bottles* v. *Miller* (1887), 112 Ind. 584; *Ewell* v. *Daggs* (1883), 108 U. S. 143, 2 Sup. Ct. 408, 27 L. Ed. 682; *Hibernian Banking Assn.* v. *Commercial Nat. Bank* (1895), 157 Ill. 524, 41 N. E. 919; *Howard* v. *First Nat. Bank, etc.* (1890), 44 Kan. 549, 24 Pac. 983, 10 L. R. A. 537 and notes; *Newhall* v. *Hatch* (1901), 134 Cal. 269, 66 Pac. 266, 55 L. R. A. 673 and notes.

It is suggested that Benjamin J. Gifford is protected by the statute of limitations, because he is a stranger to the judgment and the mortgage, although the judgment was rendered against the mortgagor George W. Keene before the bar took effect, and for the further reason that the suit now pending was not brought until twenty

years after the execution of the mortgage. It must be borne in mind that the present suit is not to recover the debt from appellee Gifford. He is a party defendant, because he has an interest by a subsequent conveyance of the land sought to be sold under this foreclosure proceedings. He has an equity of redemption, and it is within his power to prevent a foreclosure and sale by the payment of the mortgage debt, although it is not his debt, but that of George W. Keene. If he could show that the debt no longer existed, or that it had been barred by the statute of limitations, this would be a valid defense. But he must do so by showing that it is barred between the parties to the judgment. If not, the land is still subject to the pledge, because the condition has not been performed. It is not enough for him to show that he no longer owes the debt, for in fact he never did owe it. But the land is subject to the payment as long as it is a valid debt against the mortgagor, for this was a condition when appellee's title accrued. *Ewell* v. *Daggs, supra.*

It is claimed that appellee Gifford was the owner and holder by virtue of adverse possession. The deed, dated June 14, 1892, from Thomas Thompson to appellee, contained a stipulation requiring said appellee to pay the taxes on said real estate. The deed from George W. Keene to Thomas Thompson, dated June 12, 1891, provided as follows:

"The above and foregoing title warrant is made subject to a certain mortgage made by George W. Keene and wife to Louisa B. Willette, dated February 1, 1881, and recorded in the records of Jasper county, Indiana, in book number eleven, pages 477, 478, February 4, 1881, and subject to all taxes now assessed against said land, and also, the above and foregoing warrant of title is made subject to the easement of all legal existing highways."

Thomas Thompson, on February 8, 1892, purchased said real estate at tax sale, and took a tax certificate which he

assigned to appellee Gifford, who on February 26, 1907, took a tax deed from the auditor of said county to said real estate.

Adverse possession is the occupancy of real estate by a person holding it in opposition to the rights of all others, and so to constitute a valid adverse possession, the possession must be hostile to the rights of all others, under claim of right in its very inception, and must be continuous. *Worthley* v. *Burbanks* (1897), 146 Ind. 534.

It so accords with reason, and is so well settled, that a mortgagor in possession of mortgaged property does not hold the same adversely to the mortgagee, so long as the relation of mortgagor and mortgagee exists, that we deem it unnecessary to discuss it in this opinion. *Vannoy* v. *Blessing* (1871), 36 Ind. 349; *Bradford* v. *Russell* (1881), 79 Ind. 64; *Patterson* v. *Nixon* (1881), 79 Ind. 251; *Chouteau* v. *Riddle* (1892), 110 Mo. 366, 19 S. W. 814.

Nor can the mortgagor, or any one claiming through him the mortgaged premises, set up a tax title against the mortgagee, for it is the duty of the mortgagor and his grantees to pay the taxes. The tax deed held by appellee Gifford is, therefore, void as against appellant's claim. *Smith* v. *Lewis* (1866), 20 Wis. *350; *Avery* v. *Judd* (1866), 21 Wis. *262; *Beckwith.* v. *Seborn* (1888), 31 W. Va. 1, 5 S. E. 453; *Jordan* v. *Sayre* (1892), 29 Fla. 100, 10 South. 823; 1 Jones, Mortgages (5th ed.) §680; *Gould* v. *Day* (1876), 94 U. S. 405, 24 L. Ed. 232.

The court erred in overruling the demurrers to the twenty-sixth and twenty-seventh paragraphs of answer and to the first and second paragraphs of the cross-complaint of appellee Gifford.

Judgment reversed.