## TENNANT v. HULET.

[No. 9,326. Filed June 20, 1917.]

1. LIMITATION OF ACTIONS.—*Foreclosure of Mortgage.—Effect of Bar.*—A mortgage given for the sole purpose of securing the payment of a debt is but an incident to the debt which it secures, and when the debt has been barred, by statute of limitations or otherwise, the mortgage lien ceases to be effective. p. 31.

2. LIMITATION OF ACTIONS.—*Notes and Mortgages.—Action.—When Barred.—Statutes.*—Section 295, cl. 5, Burns 1914, §38 Acts 1881 [s. s.] p. 240, providing that actions upon promissory notes, bills of exchange, or other written contracts for the payment of money shall be commenced within ten years, is controlling in an action on a note and mortgage, although the promise to pay is incorporated in the mortgage, the mortgage being merely an incident of the debt. p. 34.

3. LIMITATION OF ACTIONS.—*Bar of Debt.—Effect on Security.—Statutes.*—The provisions of §§308a, 308b Burns 1914, Acts 1909 p. 334, that no action shall be brought or maintained to foreclose or enforce the lien of any mortgage on real estate when the last installment of the debt secured by such mortgage, as shown by the record thereof, has been due more than twenty years, and that the lien' of all such mortgages shall cease and expire twenty years from such time, or, if the record does not show when the debt secured becomes due, then no action shall be brought after twenty years from the date of the mortgage, and the lien of such mortgage shall cease and expire twenty years from such date, do not show an intention on the part of the legislature to extend the time when an action may be brought to foreclose a mortgage which is given merely to secure a debt beyond the time when an action can be brought on the debt thus secured, but such statute was intended to be one of repose, limiting the remedy of the mortgagee. p. 35.

4. LIMITATION OF ACTIONS. — *Statute. — Operation.* — Where a cause of action on a note and mortgage had been barred by the statute of limitations before the enactment of §§308a, 308b Burns 1914, Acts 1909 p. 334, limiting the time within which

suit may be brought to foreclose to twenty years, the passage of such sections cannot renew or give new life to the cause of action.    p. 37.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Walter F. Hulet against Flora M. Tennant. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Clyde H. Jones, Henry D. Van Cleave* and *Arthur McGaughey,* for appellant.

*Finley P. Mount* and *Chase Harding,* for appellee.

HOTTEL, C. J.—Appellee, as assignee of the note and mortgage herein sued on, filed in the trial court a complaint in three paragraphs. The first paragraph is based on the note and mortgage, and by it appellee sought to obtain a personal judgment against appellant for the amount due on the note and a foreclosure of the mortgage given to secure such note. The second paragraph is based on the promise to pay contained in the mortgage, and asks for a personal judgment for the amount due by reason of such promise and a foreclosure of the mortgage given to secure the debt evidenced thereby. The third paragraph is based on the promise to pay contained in the mortgage and seeks to enforce the lien on the mortgaged premises, and to have the mortgage foreclosed to satisfy the same, but asks no personal judgment.

Appellant filed an answer in four paragraphs. The first paragraph is a general denial, the second is the ten-year statute of limitation, the third the fifteen-year statute of limitation, and the fourth paragraph avers that the note and mortgage were executed by appellant as surety at a time when she was a married woman.

A demurrer was filed to said second, third and fourth paragraphs of answer, and the court overruled such demurrer to each of said answers, to the second and third

paragraphs of complaint, and sustained the demurrer to the second and third paragraphs of answer to the third paragraph of complaint. The latter ruling—that is, the ruling sustaining the demurrer to the second and third paragraphs of answer to the third paragraph of complaint—is assigned as error and relied on for reversal. Some objections are made to the form of said demurrer, it being contended by appellant that it "is not so drawn as to raise any question as to the sufficiency of the facts in said second and third paragraphs of answer to constitute a defense to the third paragraph of complaint," but our determination of the question presented by the ruling on such demurrer on its merits makes unnecessary the consideration or disposition of said preliminary question.

We are not quite sure that we understand appellee's position in this court as to the theory of the cause of action stated in said third paragraph of his complaint. He insists that it is not an action for a personal judgment on the promise to pay contained in the mortgage; and he also says in effect that he desires to impress upon the court that "the third paragraph of complaint upon which the judgment was rendered is not brought to foreclose a mortgage." The averments and the prayer of this paragraph do not justify the latter contention. On the contrary, appellee in his prayer in this paragraph expressly "demands judgment determining the amount of his said debt and for foreclosure of said mortgage and a decree ordering the land sold and the proceeds applied to the satisfaction of said debt, and barring the right of defendant and all persons claiming by, through or under her as against said mortgage and said lands and that out of the proceeds of such foreclosure plaintiff's debt and all costs herein be paid."

It is manifest from the general finding and judgment of the trial court that it treated said third paragraph

as stating a cause of action based on the promise to pay in such mortgage and the lien on the land therein given to secure such payment, because the court finds that there is due appellee on the debt sued on in such paragraph the sum of $295.50; that said debt is secured by mortgage on real estate described, etc.; that such mortgage is a lien upon said real estate to the extent of said indebtedness, and that appellee is entitled to have the lien foreclosed as against appellant.

Upon such finding there is judgment as follows: "It is therefore ordered, adjudged and decreed by the court that there is due the plaintiff on his debt and mortgage, sued upon herein in the third paragraph of complaint herein, the sum of two hundred ninety-five dollars and fifty cents ($295.50), of which amount the sum of twenty-six dollars and eighty cents ($26.80) is for the plaintiff's attorney's fees. All collectible without any relief from valuation and appraisement laws.

"It is further ordered, adjudged and decreed by the court that the equity of redemption of the defendant and of all other persons claiming from, by, through or under the said defendant, be, and the same is hereby forever barred and *foreclosed.* * * * Said sale to be made without relief from valuation or appraisement laws. And the proceeds derived from such sale the sheriff is directed to apply in the manner following, to-wit:—First: To the payment of the costs of this proceeding and the costs of sale. Second:—To the payment of the plaintiff's claims, principal, interest and attorney's fees. And the overplus, if any, remaining after the payment of the above judgment, principal, interest, costs and attorney's fees, shall be paid by said sheriff to the clerk of this court for the use and benefit of the party or parties legally entitled thereto."

If said paragraph of complaint were merely an action to declare the lien, it was an idle ceremony, seek-

ing merely the declaration of a right with no means for its enforcement.

Following his statement, *supra,* that said paragraph of complaint is not brought to foreclose a mortgage, appellee says further: "No personal judgment is sought or obtained. The promise of Mrs. Tennant to pay the debt is not sought to be enforced. Her obligation to submit her land to sale to satisfy plaintiff's debt is what is relied on. Her promise in the mortgage to pay the debt makes the instrument a separate and complete contract and therefore enforceable aside from the note but we do not ask her to fulfill that promise to pay the debt. We repeat, we do not ask her and the judgment does not require her to pay or carry out any written contract whereby she is to pay money."

We assume that the language quoted presents the key to appellee's real contention as to the theory of said paragraph of complaint, and we may add that we think that this was the theory adopted by the trial court, and from this viewpoint we shall consider the sufficiency of said second and third paragraphs of answer to said third paragraph of complaint. This requires us to determine which of the periods of limitation fixed by statute controls the cause of action stated in the third paragraph of complaint.

The sections of the statute and provisions of the periods of limitation cited and relied on by the parties as applicable to such cause of action are as follows: Section 295 Burns 1914 (§38, Acts 1881 [s. s.] p. 240. In force September 19, 1881): "The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward: * * * *Fifth.* Upon promissory notes, bills of exchange and other written contracts for the payment of money, hereafter executed, within ten years. * * * *Sixth.* Upon contracts in writing

other than those for the payment of money, on judgments of courts of record, and for the recovery of the possession of real estate, within twenty years."

Section 296 Burns 1914 (§39, *supra*) : "All actions not limited by any other statute shall be brought within fifteen years. In special cases, where a different limitation is prescribed by statute, the provision of this act shall not apply."

Section 308a Burns 1914 (§1, Acts 1909 p. 334. In force April 5, 1909) : "That no action shall be brought or maintained to foreclose or enforce the lien of any mortgage on real estate in this state when the last installment of the debt secured by such mortgage as shown by the record thereof has been due more than twenty years. If the record of any mortgage does not show when the debt thereby secured becomes due, then no action shall thereafter be brought or maintained to foreclose or enforce the lien of such mortgage after twenty years from the date of such mortgage."

Section 308b Burns 1914 (§2, *supra*) : "The lien of all mortgages upon real estate in this state shall cease and expire twenty years from the time the last installment of the debt secured by such mortgage becomes due as shown by the record thereof. If the record of such mortgage does not show when the debt thereby secured becomes due, the lien of such mortgage upon the real estate therein described shall cease and expire twenty years from the date of such mortgage."

Appellee, in effect, concedes that the fifth subdivision, of §295, *supra*, controls the debt evidenced by the note, but insists that, where the promise to pay appears in the mortgage, such mortgage or the lien therein created is not a mere incident of the debt or a contract in writing "for the payment of money" within the meaning of the fifth subdivision of §295, *supra*, but that the contract in the mortgage creating such lien is an in-

dependent contract in writing "other than for the payment of money," to which the sixth subdivision of §295, *supra,* is applicable. In support of this contention, appellee relies upon and cites the following cases. *Lilly* v. *Dunn* (1884), 96 Ind. 220; *Munroe* v. *Stanley* (1915), 220 Mass. 438, 107 N. E. 1012; *Aetna Life Ins. Co.* v. *Finch* (1882), 84 Ind. 301; *Bridges* v. *Blake* (1886), 106 Ind. 332, 6 N. E. 833; *Post* v. *Losey* (1887), 111 Ind. 74, 12 N. E. 121, 60 Am. Rep. 677; *Crawford* v. *Hazelrigg* (1889), 117 Ind. 63, 18 N. E. 603; *Nichol* v. *Henry* (1884), 98 Ind. 34; *Catterlin* v. *Armstrong* (1881), 79 Ind. 514; *Id.* (1885), 101 Ind. 258; *Swatts* v. *Bowen* (1895), 141 Ind. 322, 40 N. E. 1057; *Leonard* v. *Binford* (1890), 122 Ind. 200, 23 N. E. 704; *Chicago, etc., R. Co.* v. *McEwen* (1904), 35 Ind. App. 251, 71 N. E. 926; *Hyatt* v. *Mattingly* (1879), 68 Ind. 271.

An examination of the cases decided by the courts of this state discloses that they do not support appellant's contention. The mortgage involved in each of these cases was executed prior to 1881 and hence was not controlled by the statute, *supra,* which went in force September 19, 1881. §295, cl. 5, Burns 1914, *supra; Bradley* v. *Spain* (1893), 7 Ind. App. 694, 34 N. E. 1011. The statute governing such cases was that of 1852, which provided that actions on accounts and contracts not in writing should be commenced within six years after the cause of action had accrued, and that actions upon contracts in writing should be commenced within twenty years after the cause of action had accrued. Act of June 18, 1852, §§210, 211, 2 R. S. 1876 p. 121.

The most that any of said cases can be said to hold favorable to appellee's contention is that though the mortgage involved in the particular case might have been barred in less than twenty years, and when the debt which it secured was barred, but for the express

promise to pay contained in such mortgage, yet such promise was a contract in writing which was not barred until twenty years after the accrual of the cause of action. That statute (2 R. S. 1876 p. 121, *supra*) made no distinction, as does the statute now in force (§295, *supra*), between contracts in writing for the payment of money, and contracts in writing other than for the payment of money; and hence such cases are not authority for appellee's contention.

The mortgage in this case, a copy of which is made part of said third paragraph of complaint, provides as follows:

> "This Indenture Witnesseth, That Flora M. Tennant in her own right * * * Mortgage and Warrant to John W. Krause * * * the following described real estate, (describing it).
>
> "Said mortgage is made to secure a certain note executed on April 1st, 1895 by said Flora M. Tennant for the sum of one hundred twenty-four 70-100 Dollars, payable to J. W. Krause, due 1st day of August, 1895, bearing 6 per cent. interest from date and signed by said Flora M. Tennant, and the mortgagors expressly agree to pay the sum of money above secured without relief from Valuation Laws."

It is plain that the mortgage purports to have been executed for the sole purpose of securing the payment of the debt evidenced by the note mentioned therein, and, though contrary to the rule prevailing in many other jurisdictions, the courts of this state have uniformly held that such a mortgage is but an incident to the debt, and that when the debt has been barred, by statute of limitations or otherwise, the mortgage also is barred. Upon this question, the Supreme Court, in the case of *Lilly* v. *Dunn, supra,* one of the cases relied on by appellee, at pages 224, and 225, said: "The general rule may be said to be that the lien created by the mortgage may be enforced, al-

though the debt which the mortgage was given to secure has been barred by the statute of limitations. This rule is recognized in many, if not most, of the states, upon the theory that statutes of limitations are applicable only to proceedings in the courts of law, and hence not to suits in chancery. * * *

"In some of the states, however, the statutes limit suits in equity in the same manner as actions at law, and in those states the mortgage is held to be in effect extinguished when the mortgage debt is barred." The court then quotes from the case of *Lord* v. *Morris*, 18 Cal. 482, in part as follows: " 'We do not question the correctness of the general doctrine prevailing in the courts of several of the states, that a mortgage remains in force until the debt, for the security of which it is given, is paid. We only hold that the doctrine has no application under the statute of limitations of this state. * * * Here a mortgage is regarded as between the parties, as well as with reference to the rights of the mortgagor in his dealings with third persons, as a mere security, creating a lien or charge upon the property, and not as a conveyance vesting any estate in the premises, either before or after condition broken. Here it confers no right to the possession of the premises either before or after default, and, of course, furnishes no support to the action of ejectment, or to a writ of entry for their recovery. The language of the statute is express, that it shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession without a foreclosure and sale. * * * Here the statute applies equally to actions at law and to suits in equity. It is directed to the subject-matter and not to the form of the action, or to the forum in which the action is prosecuted.' "

The Supreme Court then said of the California case

quoted from that the conclusion there reached was that when "the debt is barred by the statute of limitations, the mortgage being the incident merely is also barred, or, at least, rendered unavailable for any practical purpose," and announced the rules which govern in this state as follows: "It is well settled in this state that a mortgage upon real estate constitutes only a lien upon the land as a security for the debt it is given to secure, the legal title still remaining in the mortgagor, subject to the lien. Jones Mort., section 28; *Fletcher* v. *Holmes,* 32 Ind. 497; *Favorite* v. *Deardorff,* 84 Ind. 555.

"It is equally well settled that in this state the debt is the principal thing and the mortgage only the incident. *Hubbard* v. *Harrison,* 38 Ind. 323; *Gabbert* v. *Schwartz,* 69 Ind. 450.

"As we have but one form of action in civil cases, our statute of limitations is applicable to all demands, whether legal or equitable, for the recovery of money. It is directed to the subject-matter, and bars all claims according to the general class to which they respectively belong. It has also been held by this court that a mortgage is inoperative when the debt is void or has been discharged. *Sherman* v. *Sherman,* 3 Ind. 337; *State* v. *State Bank,* 5 Ind. 353; *Ledyard* v. *Chapin,* 6 Ind. 320; *Brisk* v. *Scott,* 47 Ind. 279; *Tate* v. *Fletcher,* 77 Ind. 102; *Bowman* v. *Mitchell,* 79 Ind. 84.

"It follows that the rules of construction enunciated in the case of *Lord* v. *Morris, supra,* are fully applicable to the enforcement of mortgage liens in this state, carrying us to the inevitable extent of holding that when the mortgage debt becomes barred the mortgage lien ceases to be effective." To the same effect are the cases following: *Aetna Life Ins. Co.* v. *Finch, supra; Bridges* v. *Blake, supra; Post* v. *Losey, supra; Crawford* v. *Hazelrigg, supra; Nichol* v. *Henry, supra; Catterlin* v.

*Armstrong, supra* (79 Ind. 514; 101 Ind. 258) ; *Daugherty* v. *Wheeler* (1890), 125 Ind. 421, 25 N. E. 542; *Cassell* v. *Lowry* (1904), 164 Ind. 1, 4, 72 N. E. 640; *Bottles* v. *Miller* (1887), 112 Ind. 584, 591, 14 N. E. 728; *Swatts* v. *Bowen, supra, Leonard* v. *Binford, supra;* *Tate* v. *Fletcher, supra; Bowman* v. *Mitchell, supra;* *Duty* v. *Graham* (1854), 12 Tex. 427, 62 Am. Dec. 534; *Ross* v. *Mitchell* (1866), 28 Tex. 150; *Kyger* v. *Ryley* (1873), 2 Neb. 20; *Peters* v. *Dunnells* (1877), 5 Neb. 460; *Newman* v. *DeLorimer* (1865), 19 Ia. 244, 247; *Cower* v. *Winchester* (1871), 33 Ia. 303.

It is true that, in the case just quoted from, the court said that its conclusion rested upon the assumption that the mortgage did not contain an express provision to pay the mortgage debt. This statement was proper in view of the facts of the case under consideration and the statute then in force, as is developed by what follows in the opinion, because in that case, there being no promise to pay in the mortgage, there was no promise in writing, and hence the six-year statute of limitations was applicable; whereas, if there had been a promise in the mortgage, the twenty-year statute would have been applicable. In the instant case, however, the promise to pay, whether in the note, or in the mortgage given to secure the debt evidenced by such note or mortgage, is controlled by the same statute. Such promise is, in either event, a promise in writing, and hence a promise in writing for the payment of money to which the fifth subdivision of §295, *supra,* is applicable.

The mere fact that the promise to pay is incorporated in the mortgage given to secure the debt evidenced by such promise does not change the character of the combined instrument, the mortgage, from that of the two separate instruments, the note and the mortgage, in the

sense that the former is robbed of its character of a
promise in writing to pay money; nor is such mortgage
thereby changed from a mere lien to secure the pay-
ment of the debt evidenced by such promise to a con-
veyance vesting any estate in the premises so mort-
gaged, and such is not the effect of any of the cases
cited *supra*.    On the contrary, as before indicated, they
merely hold that the written promise incorporated in
the mortgage made the promise to pay the debt, evi-
denced by such written promise, a contract in writing,
to which the twenty-year statute of limitations was ap-
plicable, rather than a verbal promise, controlled by the
six-year statute of limitations.

Appellant also contends that under §§308a and 308b
Burns 1914, *supra*, the right to enforce the lien created
by such mortgage is not barred until twenty
years after the last installment of the debt se-
cured by it becomes due.    Counsel have cited
no case in which these sections of statute have been con-
strued, and we have been unable to find such a case.
We think, however, that the purpose and intent of the
legislature in passing them is manifest from their lan-
guage.    They provide that no action shall be brought
or maintained to foreclose or enforce the lien of any
mortgage on real estate in this state when the last in-
stalment of the debt secured by such mortgage, as
shown by the record thereof, has been due more than
twenty years, and that the lien of all such mortgages
shall cease and expire twenty years from such time, or,
if the record does not show when the debt secured be-
comes due, then no action shall be brought or main-
tained after twenty years from the date of the mort-
gage, and the lien of such mortgages shall cease and
expire twenty years from such date.    We do not think
that the legislature, in thus fixing a time beyond which
no lien can be enforced, and after which such lien shall

cease and expire, showed an intention to extend the time when an action may be brought to foreclose a mortgage which was given merely to secure a debt beyond the time when an action can be brought on the debt thus secured.

We think that the legislature intended, by said sections, to enact a statute of repose, limiting the *remedy* of the mortgagee, and also to bar his *right* in the mortgage lien, after a period to be ascertained by reference to the mortgage record. This conclusion necessarily follows from the provision of §308b, *supra*, that the lien of such mortgages "shall cease and expire twenty years from the time the last installment of the debt secured by such mortgage becomes due," etc.

Sections 308a and 308b, *supra*, can be, and in our judgment should be, construed in harmony with the rule above referred to, viz., that the barring of the debt bars the right of foreclosure. For instance, if a mortgage, containing no express promise to pay, were given merely to secure the payment of a debt evidenced by a note, the debt, and hence the mortgage, would be barred after ten years from the time the debt was due. *Lilly* v. *Dunn, supra*. The mortgagor, however, as to such debt, by making payments on the note, might toll the statute of limitations indefinitely. *MacMillen* v. *Clements* (1903), 33 Ind. App. 120, 123, 70 N. E. 997; *Willette* v. *Gifford* (1910), 46 Ind. App. 185, 190, 92 N. E. 186; *Bottles* v. *Miller, supra*. But under §§308a, 308b, *supra*, he could not thus extend the time when an action could be brought to foreclose, beyond twenty years from the time the last instalment of the debt, *as shown by the record of the mortgage*, became due, or, if the record does not show when such instalment became due, after twenty years from the date of the mortgage.

As affecting this phase of appellee's contention, we

might add that §§308a, 308b, *supra*, did not go in force until April 5, 1909. It affirmatively appears from the averments of said third paragraph of complaint that the mortgage upon which such paragraph is based was executed by appellant to cover a liability for certain shrubbery, berry bushes, and fruit trees sold and delivered to her; that such goods were so sold and delivered, and said mortgage executed on April 1, 1895; that the only payments made thereon were two payments aggregating $4.50 made on August 2, 1895. It thus affirmatively appears from said paragraph of complaint that more than ten years had expired between the time when the cause of action stated therein accrued and the passage of said §§308a, 308b; and hence, under the authorities before cited herein, appellee's said cause of action was barred before said sections were in force or enacted. The cause of action having been barred before the passage of said sections, their passage could not have the effect of renewing or giving new life to the cause of action. *McKinney* v. *Springer* (1847), 8 Blkf. 506; *Stipp* v. *Brown* (1851), 2 Ind. 647; *Right* v. *Martin* (1858), 11 Ind. 123; *Roush* v. *Morrison* (1874), 47 Ind. 414; *Morrison* v. *Kendall* (1893), 6 Ind. App. 212, 33 N. E. 370.

It follows from what we have said that the statute of limitations applicable to said third paragraph of complaint is the ten-year statute provided by the fifth subdivision of §295, *supra*, and that the trial court erred in sustaining a demurrer to appellant's second paragraph of answer to said third paragraph of complaint. Of course, the cause of action being one to which the ten-year statute of limitations is applicable, it would be barred in the fifteen years set up in the third paragraph of answer. The overruling of the demurrer to the second paragraph of answer however will give ap-

pellant the advantage of the statute to which she is entitled, and render unnecessary her third paragraph of answer.

For the reasons indicated, the judgment below is reversed, with instructions to the trial court to overrule the demurrer to said second paragraph of answer to the third paragraph of complaint, and for such other proceedings as are consistent with this opinion.

NOTE.—Reported in 116 N. E. 748. Limitation of actions: note barred by statute, effect on mortgage, 60 Am. St. 201, 25 Cyc 1001.